## Sabine & East Texas R'y Co. v. H. W. Joachimi.

### (Motion No. 749.)

1. Practice — Bill of exceptions. — The statute (R. S., art. 1363) which requires a bill of exceptions to be presented for the judge's allowance and signature during the term and within ten days after the conclusion of the trial, construed to mean that the presentation may be made within ten days after the date of the entry of an order overruling a motion for new trial. In contemplation of the statute, the overruling a motion for a new trial is the conclusion of the trial.

2. Statement of facts. — The transcript shows that the statement of facts was made out by the judge trying the cause, he certifying that counsel had "failed to agree." A motion was made, supported by affidavit, to strike out the statement of facts because appellant's counsel did not submit his statement of facts to appellee or his counsel for inspection, as required by art. 1377, R. S. It being shown that the judge had in his possession appellee's statement of facts when that of appellant was presented to him, and that the statement of facts made up by the judge was made up partly from each, the motion was overruled.

3. Briefs. — The rules of court do not require more than one brief to be filed on the first day of the assignment. The others are in time if filed before the hearing of the caus⁻

Appeal from Jefferson. Tried below before the Hon. W. H. Ford.

In this cause the following motion was filed by appellee's attorney.

"And now comes the appellee, H. W. Joachimi, by his attorney in this cause, and moves the court to strike out the bill of exceptions of the appellant, the Sabine & East Texas Railway Co., for the following reason, namely, because the said bill of exceptions, containing two exceptions, was not filed within ten days after the entry of the judgment in the cause in the district court. The cause was tried, verdict rendered, and judgment entered on the 24th day of November, 1882, and the bill of exceptions was not filed until December 5, 1882. R. S., art. 1363.

"Tom J. Russell, Attorney for Appellee.

"The appellee H. W. Joachimi, by his attorney, moves the court to strike out the statement of facts as appears in the transcript in this cause, because the rules of the court and the statute (R. S., arts. 1377, 1378) were not complied with, in this, that the appellant, nor its attorneys, did not submit the statement of facts to the appellee H. W. Joachimi, or Tom J. Russell, his attorney, for inspection and acceptance or rejection, before the same was presented to the judge of the district court of Jefferson county, who tried the cause for his approval, as appears by the appended affidavit.

"Tom J. Russell, Attorney for H. W. Joachimi.

"The State of Texas, County of Galveston.

"Before me, the undersigned authority, personally appeared Tom J. Russell, attorney of record in the cause No. ——, Sabine & East Texas Railway Co., appellant, *v.* H. W. Joachimi, appellee, who, being duly sworn, says that he was the attorney for the plaintiff H. W. Joachimi *v.* Sabine & East Texas Railway Co., defendant in the court below; that judgment was given on the trial for the plaintiff, and that defendant appealed; that an order was taken by defendant of ten days' time after adjournment of court, in which to prepare and file a statement of facts; that the court adjourned on December 5, 1882; that he, affiant, has an office in the city of Beaumont, county seat of Jefferson county; that he was in his office during office hours during the days as follows: On Wednesday, December 6th; Thursday, December 7th; afternoon of Friday, December 8th; on Sunday, December 10th; on Tuesday, December 12th, and on Wednesday, December 13, 1882; and that during that time, the days above named, nor at any other time previous to the filing of said statement of facts, December 15, 1882, did the appellants, the defendants below, or their attorneys of record, O'Brien & John, nor other person on behalf of appellants, present to affiant the statement of facts in said cause for inspection, so that he could agree to or reject the same; and that affiant never saw the statement of facts as made up by appellant or its attorneys before the same was filed in the office of the district court of Jefferson county; and affiant is informed by H. W. Joachimi, appellee, that no statement of facts in said cause was ever presented to him for inspection, by appellant, its attorneys or other person, from and after the adjournment of the court December 5, 1882, and on or before the 15th day of December, 1882.        Tom J. Russell.

"And further, the appellee in this cause moves the court to dismiss this cause, namely, the Sabine & East Texas Railway Company, appellant, *v.* H. W. Joachimi, appellee, because the appeal is not properly perfected, in this, that there is only one copy of appellant's brief filed in this court in the cause, as the rules require.

"Tom J. Russell, Attorney for Appellant.

"The above affidavit was sworn to and subscribed before me this 16th day of January, A. D. 1882.

"Dan'l D. Atchison, Clerk."

Appellant's counsel filed the following answer to the foregoing motion, January 16, 1883:

"And now comes George W. O'Brien, attorney for appellant, and being duly sworn, says: That having several statements of facts to

prepare in other cases during the time allotted after the term, he had not completed them until about the expiration of the time, and the judge being at Woodville, he took it for granted that T. J. Russell, Esq., had, in this cause, notice of appeal having been given, prepared a statement for appellee, and took his statement for appellant to the judge at Woodville, and found in the hands of the judge the appellee's statement made up by the said T. J. Russell, Esq., a part whereof, in the writing of the said Russell, Esq., was adopted by said judge and made a part of the statement which is a part of the record.                        Geo. W. O'Brien.

"Sworn to and subscribed before me by the said Geo. W. O'Brien this 17th day of January, A. D. 1883.

"Dan'l D. Atchison, Clerk."

Willie, Chief Justice.— This motion has three objects — one to strike out the bill of exceptions, another to strike out the statement of facts, and the third to dismiss the cause because appellant has filed only one copy of brief.   As to the first, the ground relied upon is that it was not filed within ten days after the entry of the judgment in the cause.   The verdict and judgment were entered on the 24th of November, 1882, and the bill of exceptions was filed on the 5th of December following.   Art. 1363, R. S., is to the effect that the bill of exceptions must be presented to the judge for his allowance and signature during the term and within ten days after the conclusion of the trial.   Art. 1364 provides that the judge shall submit the bill to the adverse party or counsel, and if the same is found correct, sign without delay, and file it with the clerk during the term.   It is questionable whether or not the statute requires the filing of the bill to occur within the ten days, or only the presentation of it to the judge.   If just before the expiration of the tenth day the bill should be presented to the judge, he might not be able to have it examined by the opposite counsel, and passed upon by him and filed, before the time limited expired.   The term " without delay " is somewhat indefinite, and cannot be measured well by days, but should be determined by the circumstances of each case.   However, it is unnecessary to pass authoritatively on this, as we overrule this objection for another reason.

The statutory limit is ten days after the *conclusion of the trial.* The appellee's counsel construes this to be the date of the rendition of the verdict and judgment.   This may be the ordinary acceptation of the term " conclusion of a trial," but we are disposed not to confine it to that time, but to extend it to the date of the entry of the

order overruling a motion for a new trial. We consider that so long as the case stands open for the consideration of the court at the term during which the trial occurs, it cannot be considered as concluded. In some states the final judgment is never entered until the motion for a new trial has been passed upon, for the verdict may be set aside upon such motion. With us the practice is different, but the trial is no more at an end by the rendition of the judgment here, than in those states it would be by the entry of the verdict.

There is the more reason for this construction in reference to bills of exception, because there can be no necessity for using them unless the motion for new trial is overruled. It is frequently the case that a motion for new trial is not taken up until more than ten days have expired since the rendition of the judgment. Should the motion be granted, the statute has required a party to perform a useless labor, which could never occur if these bills were not required to be filed till after the motion for new trial had been determined by the court. We prefer to give the statute this construction and to fix the practice according to this rule, which we think a fair interpretation of its language and of greater convenience to the profession. This objection, therefore, is not sustained.

As to the second ground of the motion, it is based on the fact that appellant's counsel did not submit to the appellee or his attorney for inspection his statement of facts, as required by article 1377 of the Revised Statutes, but that the court made out the statement as if upon a disagreement of the attorneys in the cause.

The record shows that the statement is so certified by the judge. The affidavit accompanying the motion shows that appellee's counsel was in his office at the place where the suit was tried for a week after the adjournment of court, and no statement of facts was presented to him for examination. This is explained by the fact that the judge had left the place of trial and gone to another county, and had 'in his possession a statement of facts made by appellee's counsel when that made by appellant was presented to him. It is also shown that the statement of facts in the record was made up by the judge partly from the paper given him by appellee's counsel and partly from that given him by appellant's counsel.

Under these circumstances, we do not think this objection should prevail. It has been held that where the judge alone signs a statement of facts, it will be presumed that the parties could not agree upon one. Harlan v. Haynie, 9 Tex., 459.

If he certifies that they could not agree, as in this case, the presumption is much stronger that the fact was such, or that in his

opinion it was impossible that they could come to an agreement. From what circumstances he formed this conclusion it is not for us to inquire.   He had the two statements in his possession, and from an inspection of their contents he might have concluded that they were so wide apart in their recollections of the evidence that they never could come to an agreement.   Suffice it to say that he has certified in such a manner as to render the statement a proper one, and we will not strike it out because of facts outside of the record, which, if true, would question the propriety of the conclusion which is set forth in his certificate.   This objection, therefore, must be overruled.

As to the third paragraph of the motion which is made a ground for dismissing the cause, it is sufficient to say that the rules do not require more than one brief to be filed on the first day of the assignment. The others will be in time if filed before the hearing of the cause. Rule 37 of Supreme Court.

The motion is denied.

DENIED.

[Opinion delivered January 18, 1883.]