J. M. BARNHART ET AL. v. A. J. & J. A. CLARK.

(Case No. 4328.)

1. STATEMENT OF FACTS.— A paper incorporated in the transcript, and intended as a statement of facts, was filed on the day when the trial occurred, two days before a motion for new trial was made; and ten days before its approval by the judge. It did not purport to contain a statement of all the facts in evidence on the trial. It was approved by the district judge, but contained no recitation of a disagreement of counsel. The clerk's certificate was also attached, that "the testimony was signed and sworn to by the respective witnesses," as therein stated. *Held*, it was not such a statement of facts as could be considered on appeal.

APPEAL from Williamson. Tried below before the Hon. W. A. Blackburn.

This was an application originally made in the county court of Williamson county, by W. C. Cain, to have probated what purported to be the last will and testament of William Clark, deceased, Cain being named in the will as executor.

The application was contested by A. J. and J. A. Clark, and while the case was pending in the district court W. C. Cain died, and J. M. Barnhart *et al.*, upon their petition, were admitted to prosecute the application.

The opinion states all that is necessary for it to be understood.

*Barnhart & Brumby*, for appellant.

*Posey & Dalrymple* and *Hughes & Key*, for appellees.

WILLIE, CHIEF JUSTICE.— What purports to be the statement of facts in this case does not come to us in such shape as to demand our attention. It is evidently a copy of the testimony taken upon

the hearing of the application to probate the will of William Clark, deceased, committed to writing at the time, subscribed in open court by the witnesses, and filed by the clerk as required by art. 1853, Revised Statutes. It commences: "Be it remembered that upon the trial of the above styled cause, the following facts were proven, to wit." Then follows the testimony of the witnesses, signed by them, and at the close the clerk certifies that the "testimony was signed and sworn to by the respective witnesses, as therein stated." The paper was filed February 2, 1881, the day upon which the trial occurred, and approved by the judge February 12, 1881. A motion for a new trial was made February 4, 1881, and was on the same day overruled and motion of appeal given.

This paper may be properly gotten up to preserve in the district court a record of the proof taken upon the application to probate William Clark's will, but it lacks many of the essentials of a statement of facts for this court. It does not show by express statement or necessary implication that it contains all the facts proved upon the trial. The facts following the caption may have been proved, and yet a great many others which were proved, omitted from the statement. It is different from a recital that the paper contains *the facts, or all the facts,* proven on the trial.

The approval of the judge may have been intended merely as an indorsement of the clerk's certificate, or of the fact that this was a proper record, under art. 1853 of Revised Statutes, of what the witnesses swore to upon the application of the probate of the will. But if the judge intended to approve the paper as a statement of facts, it is still insufficient. Such an approval, without the signature of counsel, would be sufficient only when there was a disagreement on their part clearly expressed, or necessarily implied. The judge does not state that they had disagreed, nor do we think that such is the conclusive presumption.

The paper was filed on the day of the trial, and before it could be known whether or not there would be a necessity for making up a statement of the facts for the supreme court, for no one had moved for a new trial, and no notice of appeal had been given. It was held in Lacey v. Ashe, 25 Tex., 384, that where a statement of facts had been made up before notice of appeal given, and had been signed by the counsel of plaintiff in error and approved by the judge, this court would not presume that the counsel of the opposite party had failed to agree to the statement, and that the judge had made it up, as in such cases. For as no notice of appeal had been given, the counsel for the prevailing party could not be charged

with refusal or neglect to make out such statement. So in this case neither party could be in default in this respect, as neither had knowledge that a statement of facts would be needed till after motion for new trial overruled or notice of appeal given. The law intends that a statement by the judge alone shall be good only when the parties have neglected or refused to agree, and, of course, if nothing of this kind could have occurred, his statement is of no avail.

Our statute contemplates that the statement of facts shall be made up, signed and filed after the conclusion of the trial (R. S., art. 1377), by which, we have already held in a similar case, is meant the overruling of a motion for a new trial, if one has been made. R. R. Co. v. Joachimi, 58 Tex., 452. It certainly intended that counsel for both parties should have ample opportunity to make out and agree to such statement, or, in case they could not agree, to present their recollection of the evidence to the judge before he made out a statement of his own. No evidence that they have had such opportunity is afforded by the fact that a paper called a statement of facts, filed two days previous to the conclusion of the trial, has the equivocal approval of the judge attached to it ten days thereafter, without anything to show even the object of such approval, much less that it was in consequence of a disagreement between the counsel of the respective parties. We think the paper termed a statement of facts is not such as we can consider in deciding this case.

Neither of the assignments of error is such as can be considered without a statement of facts, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered June 5, 1883.]