INT. & G. N. R'Y CO. v. N. UNDERWOOD.

(Case No. 5148.)

1. COMMON CARRIER — DAMAGES — WAIVER. — Where a written contract with a carrier required that the carrier should be notified in writing of the extent of damage sustained by freight, *in transitu*, before suing therefor, and there was evidence on the trial tending to show that compliance with this stipulation was waived by the carrier, whose agent, after examining into the alleged injury, agreed to pay a fixed sum in satisfaction of such damage, a verdict against the carrier for such agreed sum was not disturbed.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan. Suit begun in justice court upon the following account:

*Railroad Company Dr. to N. Underwood:*
1881. To two mares killed while on the defendant's railroad, valued at
　　　 $50 each.................................................... $100 00

Verdict was rendered for the plaintiff for $100. The appellant removed the case to district court by appeal, where a judgment for the same amount was rendered against him.

The stock in question was shipped from a point in the state of Texas to a point without the state, upon a written contract, and the plaintiff agreed therein, in consideration of a reduced rate of freight specified, to give the defendant written notice of his claim for damages to some officer or agent of the defendant before removing the stock from the place of delivery, as a condition precedent to the bringing of any suit for the recovery of damage; the plaintiff did not give such written notice.

The plaintiff testified that he shipped the horses from San Antonio to Corinth, Mississippi, and he discovered at Texarkana that the two mares in question had been injured by getting their legs through the car. The contract on which they were shipped was put in evidence by defendant, and contained the clause referred to in the first assignment of errors, and appellee testified that no written notice was given.

Appellee testified on re-examination, over defendant's objection, that he left one injured mare with the station agent at Texarkana, and it was agreed between them that the damages should be $100; that he at once notified him of the injury, and the agreement that the $100 should be paid was made.

*Mason & Carr*, for appellant, cited: Pasch. Dig., art. 452, sec. 1; H. & T. C. R. R. Co. *v.* Park, 1 Cond. Rep., §§ 332–335; R. S., art. 278, p. 48; Missouri Pacific R'y Co. *v.* Harris, Com. Appeal, April

18, 1882, Austin, Texas, and cases cited. See White & Willson, Tex. Ct. of App., p. 730; Texas Central R. R. Co. v. Morris, White & Willson, Tex. Ct. App., sec. 374; Goggan v. Kansas Pacific R. R. Co., 12 Kans., 416; Cornell v. Milwaukee Mutual Fire Ins. Co., 18 Wis., 387; Betts *et al.* v. Farmers' Loan and Trust Co., 21 Wis., 87.

No briefs on file for appellee.

WEST, ASSOCIATE JUSTICE.— A large number of cases can no doubt be found to the effect that a common carrier may lawfully, by stipulation in writing, require the party seeking to recover for injuries sustained to give him notice in writing as to the nature of such damage, at the time of its occurrence.

In a carefully prepared opinion, Presiding Judge Walker of the commission of appeals reviews to some extent the cases bearing on this question. The authorities referred to, and to some extent discussed by him in that case, seem to sustain the views therein expressed. As to the correctness of his conclusions, it is not necessary in this case to determine, and on that point we express no opinion. The case referred to (Missouri Pac. R'y Co. v. Harris) is to be found in White & Willson's Civil Cases of the Court of Appeals, p. 730, sec. 1257. See, also, on the same subject, Redfield on "Carriers and other Bailments," where this question is discussed at some length, and some of the more important cases examined. Chapters 12 and 13.

In the case now under consideration, while the written contract offered in evidence required notice of the damage to be given in writing there was considerable proof adduced going to show that the provision in the contract to this effect was in this case waived by the parties to it.

There is testimony which shows that the agent of appellant was, at the time of the occurrence, at once notified of the extent of the damage sustained, and that he then, after looking into the matter, agreed with appellee to pay him a fixed sum in satisfaction of his claim.

The evidence introduced on this point, as it appears from the statement of facts, which by order of the court was filed after the court adjourned, was objected to. What the ground of objection to it was, does not appear in the record. The objection appears to be general in its character, and is inserted in the statement of facts; and even if it had been special, there being no bill of exceptions filed during term time to its admission, it could not now be

considered. Howard v. Mayor of Houston, 59 Tex., 78; Blum v. Schram & Co., 58 Tex., 524; Sabine & E. Tex. R. Co. v. Joachimi, 58 Tex., 452; R. S., art. 1363.

Even, however, if such bill of exceptions had been prepared and saved in time, and we were to consider it, it does not affirmatively appear from the record that the notice of injury which was given by the appellee was not then considered by all the parties as sufficient. It plainly appears from the evidence that the appellant at the time considered the notice given, whatever it was, as sufficient, and agreed with appellee upon the sum to be paid, the amount being the same that was found by the judgment of the court to be the proper amount.

This case has been twice tried, with the same result on each trial, and· as the record discloses no material error, the judgment is affirmed.

AFFIRMED.