WESTERN UNION TELEGRAPH CO. v. DAVID GOSLIN.

(No. 2229.)

APPEAL from Dallas County. Opinion by WHITE, P. J.

*(Transferred from Austin.)*

STEMMONS & FIELD, counsel for appellant.

R. E. COWART, counsel for appellee.

§ 220. *Telegraph company; reasonable stipulations in contract by; sender of message must take notice of such stipulations; case stated.* Appellee sued appellant and recovered damages for an error made in the transmission of an unrepeated night message. The message was an order for *one dozen* lamps. The operator transmitted it *four dozen* lamps. There was a stipulation in the contract under which the message was transmitted, that no claim for damages should be valid unless presented in writing within thirty days after sending the message. This stipulation was not complied with by appellee. *Held:* Telegraph companies can, by express contract, or by proper rules and regulations contained in printed notices or otherwise, and brought to the notice of those with whom they deal, under such circumstances as to create an implied contract, limit their liability for delays and errors in transmitting and delivering messages, except when caused by the misconduct, fraud, or want of due

care, on the part of the company, its servants or agents. [Womack v. W. U. Tel. Co. 58 Tex. 176; Neill v. W. U. Tel. Co. 57 Tex. 283; W. U. Tel. Co. v. Edsall, 63 Tex. 668; W. & W. Con. Rep. § 268.] A stipulation in a contract between the sender of the message and the company, such as the one above quoted, violates no rule of public policy, and is reasonable, valid and obligatory. [*Ante*, § 62; 2 W. Con. Rep. § 44; W. U. Tel. Co. v. Rains, 63 Tex. 27.]

§ 221. *Waiver of claim for damages; express and implied waiver; rules as to.* Appellee contends that the requirement of a written claim for damages within thirty days after the sending of the message was waived by appellant. That such a stipulation can be waived is unquestionable. [R'y Co. v. Underwood, 62 Tex. 21; 2 W. Con. Rep. § 44.] There was certainly no express waiver made. An implied waiver can only be held binding when it is made *after* the time specified has elapsed, when such a waiver is clearly shown by the evidence. Such a waiver must be unequivocal, direct and positive, and no such waiver is shown by the evidence. Appellee showed no valid cause of action against appellant, and the judgment is reversed and rendered for appellant.

December 11, 1886.            Reversed and rendered.