JOHN ELLIS ET AL. v. ROSSA D. ELLIS ET AL.

No. 265.

1. **Deed — Fraud in Procurement — Subsequent Ratification.**—E. made a deed to his wife, and after her death, as guardian of her children, inventoried the land under oath as their property, and asked lawyers if the deed was sufficient to give them title, saying that if it was not he wished to make it so. *Held,* that even if the deed was originally voidable for fraud and undue influence in its procurement, there was a sufficient ratification of it.

2. **Evidence — Erroneous Admission where Cumulative.**—Where the evidence of ratification properly admitted was such that no other verdict could have been returned, the erroneous admission of other evidence to the same effect is harmless error.

3. **Same—Parties to Suit—Guardian—Statements by Decedent.**— In a suit by heirs of E. against H. as guardian of wards who claimed the land in controversy under deed from E., such guardian was properly permitted to testify to statements made to him by E. as to his purpose in making the deed, as this evidence was not as "to any statement by or transaction with his wards."

4. **Charge of Court—Issue not Raised.**—Plaintiffs sued to set aside a deed for fraud, and it appearing that on the same day it was executed the grantee executed to the grantor a lease of the same land for his life, they asked the court to charge that in law this amounted only to a will by the grantor, and the devisee having died before the testator, it would be invalid as such. *Held,* properly refused, because no such issue was made by the pleadings, and because the deed

being absolute in form, and there being evidence that it was intended to pass the title absolutely, the most that plaintiffs could ask was to have this question submitted to the jury.

5. **Practice—Bills of Exception—Ten Days.**—Where bills of exception are not filed within ten days after the rendition of the judgment, but are presented within ten days after the overruling of a motion for new trial, they are in time.

APPEAL from Cooke. Tried below before Hon. D. E. BARRETT.

*Bell & Green,* for appellants.—1. The clear and overwhelming weight of the evidence showed that the deed in controversy was obtained from Roswell Ellis, deceased, by his wife, Rebecca Ellis, by use of undue influence, and by threats of divorce and a suit in court concerning said Roswell Ellis' property, and by threats to take his children from him, and by threats to expose and disgrace the said Ellis in the eyes of the public; all of which rendered said deed null and void and of no effect. Beville v. Jones, 74 Texas, 153; 2 Dev. on Deeds, sec. 84; 2 Pome. Eq., sec. 951; Story Eq., secs. 222, 307, 310; Howe v. Howe, 99 Mass., 88; Bowler v. Wathan, 54 Mo., 261; Taylor v. Taylor, 8 How., 183; Allore v. Jewell, 94 U. S., 506; Annis v. Satterfield, 3 Ired. Eq., 173; Boyd v. D'La Montagnie, 73 N. Y., 498; Sears v. Shafer, 6 N. Y., 271.

2. The court erred in refusing plaintiffs' special charge, to the effect that the deed in controversy, when considered in connection with the one executed at the same time by Rebecca Ellis to her husband, Roswell Ellis, conveying a lifetime estate to said Ellis to the lands, and on account of the grantee, Rebecca Ellis, dying before the grantor, Roswell Ellis, and in view of all the facts and circumstances surrounding the execution of said deeds, was but a testamentary disposition of the lands; and that by reason of the said Rebecca Ellis, devisee, dying before her husband, Roswell Ellis, testator, the defendants could take nothing under and by virtue of the deed. Millican v. Millican, 24 Texas, 442; Greenl. Cruse on Real Prop., 162; Boone's Law of Real Prop., sec. 347a.

*M. B. Templeton* and *Potter, Potter & Giddings,* for appellees.—1. The verdict was abundantly sustained as to the alleged undue influence, and on the question of ratification no other verdict could have been rendered.

2. The court can not consider this assignment, because appellants' bills of exceptions taken to the ruling of the court were not prepared and presented to the court until more than ten days had elapsed after the trial. Rev. Stats., art. 1363; Lockett v. Schurenburg, 60 Texas, 610; Railway v. Holiday, 65 Texas, 512.

3. The testimony of the witness Hilburn did not fall within the meaning of the statute prohibiting certain parties from testifying to the declarations of decedents. Moore v. Willis, 69 Texas, 199.

4. The evidence of appellees as to the ratification of the deed being conclusive and uncontradicted, no other verdict could have been rendered in the case; and if an error had been committed in the admission of evi- dence, it is not a reversible error.   Tucker v. Smith, 68 Texas, 473.

HEAD, ASSOCIATE JUSTICE.—On the 3rd day of July, 1890, appellants, children and heirs of Roswell Ellis, deceased, by his first wife, instituted this suit against Rossa D. Ellis and Theodore Ellis, children of said Ros- well Ellis, deceased, by his third wife, and their guardian, Samuel Hil- burn, to set aside and cancel a deed executed by the said Roswell Ellis, deceased, to his third wife, Rebecca Ellis, on the 28th of November, 1885, conveying to said Rebecca about 1900 acres of land in Cooke County, Texas, upon the ground that the said Rebecca had obtained said deed from her husband by means of fraud and undue influence.   Appellees (defendants below) pleaded general denial, and that after the death of the mother of the minor defendants, their father, when all pretense of undue influence had been removed, in the most solemn manner often and repeatedly recognized and ratified said deed as valid.

The evidence was sufficient to sustain the verdict in favor of appellees, both upon the ground that the deed was not originally voidable for fraud and undue influence in its procurement, and that if so voidable originally, it was ratified and confirmed by the grantor, with-full knowledge, after such influence was removed.

*Opinion.*—It will be seen from our conclusions of fact, that we are of opinion the evidence was sufficient to sustain the verdict, if based upon a finding that the deed in question was not procured by fraud and undue influence practiced and exerted by the mother of appellees upon her hus- band, their father.   Roswell Ellis seems to have been a man of good business judgment, and although there may have been considerable dis- parity between his age and that of his wife, the grantee in the deed, we see nothing in the record that would justify us in overruling a finding of the jury, that this did not give her such influence over him as would invalidate his acts in making suitable provision for her, and his minor children through her, although done at her urgent solicitation.   His other children seem already to have attained mature age, and we see nothing in the evidence to require a finding that Mr. Ellis' judgment was overreached when he made this deed.

But if we be mistaken in these conclusions, we think the undisputed evidence of ratification by Roswell Ellis, after the death of his wife, was such as to require a finding in favor of appellees, even though the jury had been of opinion that he could have avoided the deed had he desired to do so.   It is not denied that he repeatedly spoke to the witness Samuel Hilburn, who seems to have been a particular friend, about having made

this deed, both before and after the death of his wife, and at no time expressed dissatisfaction therewith.

After the death of his wife he, as guardian of appellees, filed an inventory of their estate, under oath, in which the land in controversy was included, and which they claimed only under the deed to their mother. Also, after the death of his wife, he had two conversations with an attorney in reference to said deed, in each of which he asked him if it was good, and sufficient to pass title to appellees, and said he wanted them to have the land, and if the deed was not sufficient he wanted it made sufficient, as he was afraid his older children would try to take the land away from them. This evidence was undisputed, and there is nothing in the record to show that at any time after the execution of the deed Ellis ever manifested a desire to revoke it. Under these circumstances, he must be held to have ratified it, and the jury must have so found, regardless of their opinion as to the manner in which it was originally obtained.

In addition to what is said above, one of the appellees, Rossa D. Ellis, was permitted to testify, over the objection of appellants, that after the death of her mother, her father brought the deed to her and said, "it was the deed to her land, and to take care of it, and to have her uncle, Sam Hilburn, at Waxahachie, to see if it was a good deed." We think the court erred in admitting this evidence (Parks v. Caudle, 58 Texas, 216); but, as said above, the verdict must have been the same without it, and the error is therefore no ground for reversal.

Appellants also objected to the witness Sam Hilburn being permitted to testify to the statements made to him by the deceased, upon the ground that the witness was a party to the suit as guardian of the other appellee. This evidence was not as "to any statement by or transaction with his wards," and we think was properly admitted; but even if his testimony be excluded, we think the verdict must have been the same, and we therefore would not reverse the judgment. Tucker v. Smith, 68 Texas, 473; Pridgen v. Hill, 12 Texas, 374.

The instrument in question was in form a deed purporting to take effect at once and convey an estate in fee simple, and the grantee on the same day executed to the grantor a lease to the same land during his life; and appellants requested the court to charge the jury, that in law this only amounted to a will by the grantor, and would be invalid as such, the devisee having died before the testator. We think there was no error in refusing this charge; first, because no such issue was made by the pleading; and second, because there was at least such doubt as to the nature of the transaction as to require the submission of this question to the jury. Ferguson v. Ferguson, 27 Texas, 339. We do not mean by this to decide that there was sufficient doubt as to whether this instrument was a deed or will to have entitled appellants, under proper plead-

ing, to have this question submitted to the jury, but only that at most this was all they could have asked.    Hart v. Rust, 46 Texas, 556.

Appellees object to our considering the assignments touching the rulings of the court upon the admission of the testimony of the witnesses Hilburn and Rossa Ellis, because, it is claimed, the bills of exception were not filed within ten days after the rendition of the judgment.    They were, however, presented within ten days after the overruling of the motion for a new trial, which was in time.    Railway v. Joachimi, 58 Texas, 452.

The judgment of the court below will be in all things affirmed.

*Affirmed.*

Delivered November 15, 1893.