ROYAL INSURANCE COMPANY v. TEXAS & GULF RAILWAY COMPANY.

Application No. 6212. Decided February 24, 1909.

1.—Statement of Facts—Original and Copy—Waiver.

The appellate court should not refuse to consider a statement of facts prepared in accordance with the Act of May 25, 1907 (Laws, 30th Leg. p. 510, secs. 4, 5) because the original is not sent up, but is copied in the transcript, where no objection to this procedure is made by appellee before submission. (P. 307.)

2.—Practice in Supreme Court.

Though error on appeal in the refusal to consider appellant's statement of facts, assigned by an application for writ of error upon affirmance is well taken, the Supreme Court may refuse the application where it finds the case correctly disposed of by the appellate court on a question of law which the consideration of the statement of facts would not affect. (P. 307.)

Application for writ of error to the Court of Civil Appeals for the Sixth District, in an appeal from Gregg County.

*Turner & Campbell* and *Cockrell & Gray,* for applicant:

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The plaintiff in error was appellant in the Court of Civil Appeals,

and, in its application to this Court, complains of the action of the Court of Civil Apeals in refusing to consider the statement of facts in the record before that Court, and we are of opinion that the complaint is well taken.

It appears that the original statement filed in the trial court did not accompany, but was copied into, the record on appeal. No objection was urged to this by appellee, and the cause was submitted to the court for decision upon the record as presented. The law, it is true, required that the original, and not a copy, be sent up; but the difference between the two is so trivial, in comparison with the effect upon the right of appeal of a disregard of the statement, that it should be held that, if an appellee desires to insist upon the original, he should in some way make his insistence known before submission, so that the other party may perfect the record by carrying it up; and that when he fails to do so, and allows the cause to be submitted upon the copy, he should be held to have waived the objection, and the copy should be considered as containing the facts upon which the cause is to be decided. Especially should this be the course taken in situations which have arisen under the frequent recent changes in the law upon the subject of statements of facts, presenting questions as to the proper course to be pursued upon which lawyers have widely differed. Such difficulties ought to be resolved in such way, as far as is reasonable, to preserve, rather than defeat, the right of appeal.

Copies of statements of facts duly authenticated and filed in trial courts have been the material upon which the decisions of the Appellate Courts have been based from their foundation up to the passage of the law of the last Legislature, and when an appellant has merely made the mistake of pursuing that practice, and the other party has not objected, the court may assume that it has the evidence adduced at the trial, and there is no substantial reason why the appeal should fail. This defect is not in the statement itself, like those for which statements of facts heretofore have been disregarded, such as the failure of the judge to sign, or of the party to file in time, or the disregard of the rules as to what such statements shall or shall not contain. Those go to the validity of the statement itself, while this arises merely from the manner in which it is presented to the Appellate Court. This certainly may be waived, which, we think, is effectually done by the failure to object. The change in the procedure was made merely to save expense, and this purpose may always be subserved by imposing the unnecessary cost upon the party causing it, without virtually defeating the right of appeal.

In many cases the conclusion we have reached would require that they be remanded to the Court of Civil Appeals for further consideration, but in this appeal only questions of law are raised which may be determined by this court in connection with the statement of facts. Having so considered the application, we find no error committed by the trial court for which the judgment should be reversed. The question passed upon by the Court of Civil Appeals upon the pleadings controls the case, and was, we think, correctly decided. With this explanation the application is refused.

*Writ of error refused.*