## T. J. FREEMAN, RECEIVER, v. GEORGE VETTER.

### Decided June 15, 1910.

**1.—Appeal—Filing Statement of Facts and Bills of Exception—Statute of 1909 Construed.**

A cause was tried on Nov. 1, 1909; the motion for new trial was overruled on Dec. 1, 1909; the term of the court began on Oct. 4 and ended on Dec. 4, 1909; on Feb. 4, 1910, an order was made extending the time in which the statement of facts and bills of exception could be filed until Feb. 7, 1910; the bills of exception were filed on Feb. 4, and the statement of facts on Feb. 5, 1910. Held, the judgment became final when the motion for new trial was overruled; under the provisions of the Act of 1909 (Acts 1909, pp. 374-379), the order granting an extension of time for filing the statement of facts and bills of exception must be made and entered of record, and (the term continuing more than eight weeks) this must be done before the expiration of the thirty days from the date of the final judgment; hence a motion by appellee herein to strike out the statement of facts and bills of exception should be granted.

**2.—Jurisdiction—Order at Subsequent Term.**

Without express statutory authority for such action, courts can not, at succeeding terms, make orders affecting judgments rendered at former terms, except perhaps to correct some omission or error in the minutes of the former term.

**3.—Appeal—Improper Evidence—Practice.**

Without reference to the merits of assignments of error based upon the admission of evidence, the assignments will be overruled when it is manifest that the evidence was immaterial and its admission could not have injured appellant.

**4.—Trial—Proper Argument.**

In a suit against a railroad company for damages, counsel for plaintiff have a right in argument before the jury to call their attention to the fact that a witness for the defendant was hired and paid a salary by the defendant and could be brought into court to testify in its behalf.

**5.—Appeal—Defective Bill of Exception.**

An assignment of error which refers to several bills of exception to the language of opposing counsel during the trial, but which fails to indicate the language complained of, will not be considered.

**6.—Trial—Misconduct of Juror—Harmless, when.**

A juror, after the argument in a case had begun, told a person not on the jury that he thought the plaintiff was badly injured and ought to have all he sued for; the person addressed did not discuss the case with the juror nor was it made to appear that the conversation had any effect on the verdict of the jury. Held, however reprehensible the conduct of the juror, it was not sufficient cause for reversing the judgment.

Appeal from the 45th Judicial District, Bexar County. Tried below before Hon. J. L. Camp.

*King & Morris* and *Hicks & Hicks,* for appellant.—Letters of recommendation are not admissible to prove the character and habits of a party, and the so-called letters of recommendation, not being admissible and not being offered in evidence, they and any evidence with reference to them were inadmissible because irrelevant and immaterial to any issue in the case, and any exhibition of them in the presence of the jury and interrogation of the witness with reference to them was improper and prejudicial to the defendant. Texas & P. Ry. Co. v. Phillips, 91 Texas, 281; Watson v. Walker, 67 Texas, 652; Mathis v. Pridham, 1 Texas Civ. App., 58; Carleton v. Baldwin, 27 Texas, 573.

The statement of the witness as to what work plaintiff had been able to do since he was hurt was clearly a conclusion, and as he was not an expert but an ordinary witness, his opinion with reference to the ability of plaintiff to work was inadmissible as being the statement of an opinion or conclusion and not a statement of a fact. Houston & T. C. Ry. Co. v. Smith, 52 Texas, 186; Harris v. Nations, 79 Texas, 413; Illinois Life Ins. Co. v. DeLany, 99 S. W., 618.

Where counsel for the plaintiff, during the trial, in examination of witnesses and in his argument to the jury, has, by the use of remarks and insinuations reflecting on defendant and his witnesses and of ex parte statements which he knew were not admissible, pursued a course of conduct calculated to prejudice and inflame the minds of the jury against the defendant, such conduct will be cause for reversal. Houston, E. & W. T. Ry. Co. v. McCarty, 89 S. W., 805; Galveston, H. & S. A. Ry. Co. v. Kutac, 72 Texas, 653; Dillingham v. Scales, 78 Texas, 205; Gulf, C. & S. F. Ry. Co. v. Jones, 73 Texas, 235.

Where a juror, during the trial, discusses the facts of the case with a person not a member of the jury and expresses an opinion as to what plaintiff is entitled to under the evidence, such fact will constitute such misconduct as will vitiate the verdict. Albin v. Demorest Mfg. Co., 56 S. W., 982; Rice v. Wyatt, 76 S. W., 1087; Pal v. Chernowsky, 28 Texas Civ. App., 405.

*T. J. Newton* and *Will A. Morris,* for appellee.

FLY, ASSOCIATE JUSTICE.—This cause was tried on November 1, 1909, and the motion for new trial was overruled on December 1, 1909. The term at which the cause was tried began on October 4, and ended on December 4, a period of nine weeks. On February 4, 1910, an

order was made extending the time in which the statement of facts and bills of exception could be filed until February 7, and on February 5, 1910, the statement of facts was filed. The bills of exception were filed on February 4. Appellee has filed a motion in this court to strike out the statement of facts and bills of exception, because they were not filed in the time prescribed by law.

Appellant had thirty days, given by statute, from the final judgment in which to file a statement of facts and bills of exceptions. Acts of 1909, pp. 374 to 379. In that law it is provided that if the term of court may continue for more than eight weeks, that the statement of facts and bills of exception shall be filed within thirty days after rendition of final judgment, "unless the court shall, by order entered of record in said cause, extend the time for filing such statement and bills of exception." The final judgment was rendered in the cause when the motion for new trial was overruled on December 1, 1909. Sabine & E. T. Ry. v. Joachimi, 58 Texas, 452; Barnhart v. Clark, 59 Texas, 552.

In the first part of section 7 of the Act of 1909, thirty days are granted after the day of adjournment in which to prepare and file a statement of facts and bills of exceptions, and, in term time or vacation, upon good cause shown, the judge trying the cause may extend the time for any period that will not delay the filing of the statement of facts and transcript of record in the Appellate Court within ninety days from the time the appeal or writ of error is perfected. There is in the general provision of the section in question no requirement that the order granting an extension shall be filed or entered of record, but in the last part of the section hereinbefore quoted, which is applicable to courts which may be in session for more than eight weeks, it is required that the order granting an extension of time "shall be entered of record in said cause." Unless the words "entered of record" require something to be done that is not required in regard to courts with shorter terms, there is no difference between the two kinds, except as to that provision which requires the filing of the statement and bills of exceptions at a time not more than thirty days from the date of the final judgment instead of thirty days from the time of adjournment.

We are of opinion that the order must be entered before the expiration of the thirty days, because if the order can be made one, five, ten or thirty days after the expiration of the thirty days given by law, the party would be obtaining an extension without an order for all that intervening time between the expiration of the statutory thirty days and the time when the order is made. We believe that the power of the judge to grant an extension of time is limited to some period before the expiration of the statutory time, and that when that time has expired the right to an extension is lost and the judge can not, by an order, revive it. The law seems to contemplate that everything necessary to the preparation of statements of facts and bills of exceptions shall be done within the statutory thirty days unless at some time before the expiration of that period the judge shall grant an extension of time. If this be the true construction to place upon the statute, appellant had lost his right to apply for and obtain an order of exten-

sion of time on a request made at least thirty-five days after the expiration of the statutory thirty days.

If it should be held that the order can only be made during a term of court, it must necessarily be the term at which the cause was tried, for to construe it otherwise would give courts in cities, the terms of which immediately follow each other, a vast advantage over courts that are held only twice in each year. The latter could not obtain any advantage from such a construction on account of the requirement that the transcript shall be filed within ninety days from the time the appeal is perfected. We can not presume that any such difference was intended to be made between the courts.

This opinion applies only to those courts whose terms may continue for more than eight weeks, that portion of the law applying to courts with shorter terms not being the subject of construction herein.

The motion to strike out the statement of facts and bills of exception is granted.

### ON MOTION FOR REHEARING.

This is a suit for damages arising from personal injuries, instituted by appellee against appellant as receiver of the International & Great Northern Railroad Company. A jury assessed the damages at $10,000, and judgment was rendered for that sum.

On a former day of this term, upon motion of appellee, the statement of facts was stricken from the record. Afterwards on motion for rehearing the order of the court on the motion to strike out the statement of facts was set aside and the motion is now considered with the other points in the case. .

We adhere to our former opinion on the statement of facts and it will be made a part of this opinion. We will add that no order for an extension of time was applied for by appellant until more than two months after the court had adjourned and more than a month after the expiration of the statutory thirty days had expired. Another term of the District Court had begun before an order for an extension was applied for, and upon the order entered at a term succeeding that at which the judgment was rendered, the right to an extension is based. The order was an original one and was not entered *nunc pro tunc*. We do not think any such procedure is contemplated by the Act of 1909. Without express statutory authority for such action we do not believe courts can, at succeeding terms, make orders affecting judgments rendered at former terms, except perhaps to correct some omission or error in the minutes of the former term. The statute gives thirty days absolutely from adjournment in the one case and from final judgment in the other in which to file a statement of facts and bills of exception, and in this case appellant had that thirty days, and thirty-five days after that time had expired obtained an order giving three days more; that is, appellant obtained thirty-five days extension without any order at all, and then after the right to file a statement of facts had been lost, obtained an order of extension, the greater part of which had already expired. If the order is valid in this case the trial judge has absolute control of the time in which statements of facts and bills of exception can be filed, restricted only by the re-

quirement that they shall be filed in time to get the transcript in the appellate court within the statutory ninety days. If it was the intention of the Legislature that an order might be made weeks after the expiration of the statutory thirty days which extends the time from the date of such expiration of time in order to cover the laches of prospective appellants, it should have provided for orders that extend time backward, as well as forward, in order to cover all accidents. No such provision is found in the statute.

Although convinced that the Act of 1909 has not been followed in preparing the statement of facts, we have, in view of the change in the law regarding the preparation of statements of facts being so recently enacted, and in view of the fact that litigants are scarcely able to adjust themselves to one statute before another is passed, and in view of the apparent inclination of the Supreme Court to allow some latitude in the preparation of statements of facts, under like circumstances (Royal Ins. Co. v. Texas & Gulf Ry., 102 Texas, 306) ; and because sickness of the stenographer's wife seems to have delayed preparation of the statement of facts in this case, but without, however, laying down a precedent for such leniency in cases hereafter occurring, concluded to consider the statement of facts in this instance. The statement of facts was agreed to by appellee and approved by the court.

The first and second assignments claim error in that counsel for appellee was permitted to interrogate the witness, Conway Mason, with reference to certain letters of recommendation. The bill of exceptions shows that the witness was asked if appellee showed certain letters of recommendation to him before witness employed him, and the witness replied that he did not, but that it was customary to ask for letters of recommendation when a man seeks employment. The evidence amounted to nothing and we can not conceive how it could have injured appellant.

It was legitimate and proper to ask the witness Evans if he had not made other and different statements about matters occurring at the time of the derailment from those that he made during the trial. That is one of the ways of impeachment of a witness that is always permitted.

The answer of Mrs. Utter as to whether appellee had been able to work since he was hurt, amounted to an assertion that the witness did not know of appellee being able to work. The answer amounted to nothing and could not have injured appellee. The same can be said of the testimony of Dr. Cunningham, which is complained of in the fifth assignment of error, and the remarks of counsel complained of in the sixth assignment. The evidence had no materiality and could not have aroused any prejudice in the jury, and the bill of exceptions and the assignment fail to show how the remarks of counsel could have injured appellant.

Counsel for appellee had the right to call attention in their argument to the fact that Dr. Cunningham, the surgeon of the railroad company, was hired and paid a salary and could be brought into court to testify for the company. At any rate, the remarks were withdrawn by counsel and the jury was instructed by the court not to consider

them. The same is true of the remarks of counsel complained of in the eighth assignment of error.

The ninth assignment of error refers to six bills of exception for language of counsel but fails to indicate the language complained of, and will not be considered.

The tenth assignment of error complains of a question to Dr. Gray, as to the permanency of appellee's injuries, being leading. The question, as shown by the bill of exception, was: "Doctor, now state, was the condition that you have indicated in regard to this man, is it permanent or not?" To which he answered: "That is my opinion, yes, sir." That answer does not indicate what the opinion of the witness was, and could not have injured appellant. The question, however, was not leading and the statement of facts shows that the witness answered: "In my opinion, the condition that I found indicates that they were permanent." There was other testimony to the same effect.

The eleventh assignment of error directs attention to the fact that one of the jurors, after the opening argument for appellee and during a recess of the court, had told G. W. Booth, who was not on the jury, that he thought appellee was badly injured and ought to have all he sued for. Booth did not discuss the case with the juror and it is not apparent that the conversation had any effect whatever on the verdict of the jury. It merely showed that the juror had formed an opinion and his expression of his opinion did not in any manner change that opinion. Nothing was said or done to influence the juror or to crystallize his opinion, but he had it when he told Booth about it and if he changed the change was not caused by the conversation. His conduct was very reprehensible and deserves censure, still we can not see how the expression of the opinion could have injured appellant.

Appellee was injured in a derailment, and, while there is evidence tending to indicate that he was not greatly injured, there is other testimony that would justify a verdict in favor of appellee in the sum found by the jury. The injuries were received in a derailment which occurred through the negligence of appellant. The judgment is affirmed.

*Affirmed.*

Writ of error refused.