Aubrey ADCOCK, City Engineer of the City of Texarkana, Texas, Appellant,

v.

Harold KING, Individually and as Executor of the Estate of Joe W. Livsey, Deceased, and as Operator of Acme Auto Parts, Appellee.

No. 8253.

Court of Civil Appeals of Texas, Texarkana.

March 4, 1975.

Clayton Hutchins, City Atty., Texarkana, Robert M. Tharp, Jr., Asst. City Atty., for appellant.

Sherman Kusin, Harkness, Friedman & Kusin, Texarkana, for appellee.

CHADICK, Justice.

This action was instituted by the plaintiff to secure injunctive relief as well as, a writ of mandamus to compel the defendant to issue a permit to repair a building damaged by fire, together with such other relief as the court deemed proper. The trial court entered judgment for the plaintiff. The judgment of the trial court is modified and affirmed.

The general statement of the case in appellant's brief, approved as substantially correct by the appellee, is adopted, to-wit:

"This is a suit brought by Harold King, the Operator of Acme Auto Parts against Aubrey Adcock, the City Engineer of the City of Texarkana, Texas to compel the City to issue a building permit and to allow the reconstruction of a building used in the operation of Acme Auto Parts and destroyed by fire on the 26th day of June, 1973.

"Acme Auto Parts was a wrecking yard and salvage business operating as such in 1959 when the property occupied by such business was brought into the City of Texarkana, Texas and has been in continuous operation since that time. At the time the land was brought into the City the property was zoned Single Family Residential and the zoning has remained the same at all times since the annexation. The use of property for a wrecking yard and salvage business is and at all times since the annexation has been prohibited in Single Family Residential zones and therefore Acme Auto Parts has been operating as a nonconforming use.

"After the initial hearing held July 27, 1973 at which it was determined that Appellee [Harold King, Individually and as Executor of the Estate of Joe W. Livsey, Deceased, and as Operator of Acme Auto

Parts] [1] had not exhausted his administrative remedies, Appellee filed an application for a building permit and upon its refusal by the Appellant, [Aubrey Adcock, City Engineer of the City of Texarkana, Texas] Appellee requested a hearing by the Board of Adjustment of the City of Texarkana, Texas. After a hearing before the Board of Adjustment was held, the Board issued its order denying the building permit and a second hearing was held in the trial court. After overruling Appellant's Motion to Dismiss, the Trial Court entered judgment declaring Articles 18–104a and 17–107 of the Zoning Ordinance of the City of Texarkana, Texas unconstitutional and ordering the City to issue Appellee a building permit. Appellant had duly perfected its appeal from the judgment rendered to this Honorable Court." The appellee herein will be referred to as King and the appellant as the City in discussions that follow.

King's second amended original petition and supplement thereto alleged that the Board of Adjustment's action in refusing a permit was "arbitrary and without basis in law" and that Section 18–104a of the Zoning Ordinance of the City of Texarkana, Texas, "is unconstitutional and is vague and indefinite and does not describe what constitutes 60% of a person's business to come under the terms of the Ordinance . . .". The City filed a special exception to King's pleading on the ground that it did not allege that King had exhausted the administrative remedy afforded him by the City's Zoning Ordinance and Vernon's Tex.Rev.Civ.Stat.Ann. art. 1011g. King's supplemental pleadings conceded that the suit was prematurely filed but undertook to escape abatement by alleging that the City agreed for the trial court to

stay proceedings, and the court did so, to await the Board of Adjustment's action upon his application for a permit to rebuild, thereby waiving King's failure to exhaust the administrative remedy available to him. By written order the special exception was overruled.

■ King was entitled to maintain a suit for the purpose of litigating the question of whether or not the City Ordinance in question was confiscatory, unreasonable, arbitrary, discriminatory or for other reasons unconstitutional. City of Amarillo v. Stapf, 129 Tex. 81, 101 S.W.2d 229 (Tex. Comm'n App.1937, opin. adpt.) ; Davis v. City of Abilene, 250 S.W.2d 685 (Tex.Civ. App. Eastland 1952, writ ref'd) ; 63 Tex. Jur.2d Zoning, Sec. 168 and Davis, Administrative Law Doctrines, 28 Tex.L. Rev. 168. No contention is made that King's pleading did not present the constitutional questions litigated. [2] The trial judge properly refused to abate the suit insofar as constitutional issues were concerned. Several courts have concluded that Article 1011g confers exclusive primary jurisdiction upon a Board of Adjustment to determine zoning questions in the narrow field committed to it by Article 1011g. City of Amarillo v. Stapf, supra; Thomas v. The City of San Marcos, 477 S.W. 2d 322 (Tex.Civ.App. Austin 1972, no writ) ; Rosenthal v. City of Dallas, 211 S. W.2d 279 (Tex.Civ.App. Dallas 1948, wr. ref'd, n.r.e.) ; see also Metzger v. City of San Antonio, 384 S.W.2d 901 (Tex.Civ. App. San Antonio 1964, no writ). And in Hall v. Board of Adjustment of City of McAllen, 239 S.W.2d 647 (Tex.Civ.App. San Antonio 1951, no writ) an order of dismissal was affirmed in a suit filed prematurely, that is, filed before administrative remedies afforded by Art. 1011g had

---

1. Inserted for clarity.

2. When proper motions or exceptions are not filed or if filed, not brought to the attention of the trial court pointing out defects, omissions, and faults in pleadings the same are deemed waived. Texas Rules of Civil Procedure Ann., rule 90. Issues not raised by

pleadings but tried by express or implied consent are to be treated as if properly plead. Tex.R.Civ.P.Ann. 67 ; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562 (1943) ; Roberson Farm Equip. Co. v. Hill, 514 S.W.2d 796 (Tex.Civ.App. Texarkana 1974, writ ref'd, n. r. e.).

been exhausted. Error in refusing to dismiss the part of the suit prematurely plead is harmless, as the trial court's judgment limited to constitutional issues is valid if supported by the record.

■ The City has briefed five points of error. The abatement question already discussed was presented by the third point. The first and second points are based upon the trial judge's refusal to sustain special exceptions to King's mandamus pleadings. No written order evidences the court's action on these exceptions. Originally this was tretaed as a problem[3] but it appears on further consideration that recourse may be made to the statement of facts in the appeal transcript and that document shows all special exceptions were overruled. The first point of error challenges King's trial petition as insufficient to " . . . demonstrate a clear right to a writ of mandamus compelling the issuance of a building permit". The second point likewise questioned the substance of King's trial petition on the ground that his pleadings did " . . . not show a clear duty on the part of the defendant to issue a building permit." These special exceptions were well taken. The impact of the trial judge's ruling will be assessed after the City's last two points are considered.

■ The trial court's judgment declaring Zoning Ordinance Section 17–107 and 18–104A unconstitutional for the reason that such fault is not apparent on its face is the subject of the City's fourth point of error. And the court's action in declaring such sections unconstitutional for the reason that there was no evidence introduced to overcome the presumption of validity is the subject of the fifth point. It is

stressed in connection with the last point that King did not introduce into the record the ordinance under attack. The pertinent sections of the ordinance in question read as follows:

"Section 17–107  If a nonconforming structure or a structure occupied by a nonconforming use is destroyed by fire, the elements or other cause, it may not be rebuilt except to conform to the provisions of this Ordinance. In the case of partial destruction of a nonconforming use not exceeding sixty (60) per cent of its reasonable value, reconstruction may be permitted after a hearing and favorable action by the Board of Adjustment, but the size and function of the nonconforming use shall not be expanded.

\*     \*     \*     \*     \*     \*

"Section 18–104  When in its judgment, the public convenience and welfare will be substantially served and the appropriate use of the neighborhood property will not be substantially or permanently injured, the Board of Adjustment may, in specific cases, after public notice and public hearing, and subject to appropriate conditions and safeguards authorize the following special exceptions to the regulations herein established.

"A. Permit the reconstruction, extension or enlargement of a building occupied by a nonconforming use on the lot or tract occupied by such building or the reconstruction of a structure destroyed by fire or the elements not to exceed sixty (60) per cent of its reasonable value and the addition of off-street parking or off-street loading to a nonconforming use."

---

3. The problem was not directly considered in the briefs of the parties prior to the City's Motion for Rehearing. A statement of Facts as a separate, independent document was not tendered or filed as a part of the appeal record. Two separate transcripts of notes of a court reporter were designated by the City for incorporation in the original transcript. Thus, an original statement of facts did not accompany but was copied into the appeal transcript. No objection has been lodged and such unorthodoxy must be considered as waived. Tex.R.Civ.P.Ann. 404; Royal Ins. Co. v. Texas & G. Ry. Co., 102 Tex. 306, 116 S.W. 46 (1909); Hall & Tyson v. First Nat. Bank of Covington, Ky., 102 Tex. 308, 116 S.W. 47 (1909) and Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896 (1922).

It is not necessary to discuss the question of whether or not these sections are unconstitutional on their face as the record shows that the ordinance as applied violates Tex.Const. art. I, Secs. 17 and 19, Vernon's Ann.

The material evidence is undisputed. The automobile salvage business operated by King has been operated by him and his predecessors at its present location for over thirty years. Approximately forty acres of land outside the City of Texarkana was used in the operation at one time but the area devoted to such use had dwindled to about six acres at times pertinent to this suit. The salvage operation used land on both sides of the New Boston Highway and at least five buildings or structures were used in the business. The building here in question and two others are on the south side of the highway. On June 26, 1973, this building, used as an office, battery repair shop and parts storage warehouse, caught fire and was partially destroyed. The other structures were not affected by the fire. The salvage business has continued but on a diminishing scale since that time because the loss of use of the partially destroyed building prevents operation at the same level as before the fire. Operation of the automobile salvage and wrecking yard is a nonconforming use of the building and premises that has continued since the area was annexed. The partially destroyed building was an integral part of the business and represented twenty per cent of the business value of the buildings used in the operation.

King plead the text of the ordinance in question, Sections 17–107, Sections 18–104a and annexed a copy as an exhibit. This pleading was unchallenged. These sections were also read into the record at a hearing before the Board of Adjustment. The transcript of the Board of Adjustment proceeding was, without objection, tendered into evidence at the trial of this case by counsel for the City. As previously stated, King applied for a permit to rebuild the partly destroyed building. The City of Texarkana acting officially through its City Engineer and the Board of Adjustment refused a permit for reconstruction. The City undertakes to justify refusal on the grounds of evidence that more than sixty per cent of the value of the nonconforming structure was destroyed by fire. No other basis is suggested. Evidence of such sixty per cent destruction of the one building was disputed but for reasons now to be discussed the issue is immaterial.

No Texas case has been found adjudicating the constitutionality of an ordinance similar to that here. Ordinances prohibiting reconstruction of a structure occupied by a nonconforming use, destroyed in excess of sixty per cent of value have been sustained in other jurisdictions. Rathkopf,. The Law of Zoning and Planning, Chap. 61, Sec. 7; 101 C.J.S. Zoning § 63. The usual presumption of validity of the ordinance should prevail in the present instance until the contrary is shown. 63 Tex.Jur.2d Zoning, Sec. 174. The facts in the record are to be considered to determine whether or not the ordinance as interpreted and applied by the City is an unreasonable exercise of police power that results in confiscation of King's property or damage thereof without compensation or in other ways violate King's constitutional rights. City of Corpus Christi v. Allen, 152 Tex. 137, 254 S.W.2d 759 (1953); Houston & T. C. Ry. Co. v. City of Dallas, 98 Tex. 396, 84 S.W. 648 (1905); City of Sherman v. Simms, 143 Tex. 115, 183 S.W.2d 415 (1944); and see Nectow v. City of Cambridge, 277 U.S. 183, 48 S.Ct. 447, 72 L.Ed. 842 (1928) where infringement of U.S. Const. amend XIV was under consideration.

The facts show the interpretation placed upon its ordinance by the City resulted in an exercise of police power in such way as to deprive King of his property by denying him an unimpaired right to operate a lawful salvage business. The City's action took from King, without compensation, a substantial part of his business and his vested right to operate it. The ordinance,

interpreted as the City attempts to do, is unconstitutional as applied to King and the trial court's declaration of its invalidity must be affirmed. City of Corpus Christi v. Allen, supra. See also Humble Oil and Refining Company v. City of Georgetown, 428 S.W.2d 405 (Tex.Civ.App. Austin 1968, no writ). In 101 C.J.S. Zoning § 63 this statement is found: "Any attempt to deprive the owner of the preexisting use is generally regarded as unconstitutional as a taking of private property without compensation and without due process of law, at least, where the preexisting use is not a nuisance or harmful to public health, safety, morals, or welfare." Under the record the facts of this case do not fall into any of the exceptions mentioned in the quoted text.

The ordinance may, however, be given a constitutional construction under facts here in evidence. The Supreme Court of Wisconsin in State v. Steinke, 7 Wis.2d 275, 96 N.W.2d 356 (1959) construed a substantially similar ordinance in context with facts showing the nonconforming use of a tract of land with a large dwelling house and eight cabins located thereon. These were occupied by guests at summer religious encampments. The large dwelling house was completely destroyed by fire. The respondents' position before the Wisconsin Court was much the same as the City's in this instance. The Court said:

"Granting that the position of respondents could be sustained if in the case before us the building destroyed had been devoted to a separate non-conforming use, that is not the situation presented. The 50 percent rule, which may be reasonable if applied to one building containing a separate use, may not be reasonable if applied to an individual building used jointly with other buildings in a single nonconforming use upon one premises. At least the theory which has been suggested for sustaining the 50 per cent rule would not apply in the latter type of case. Suppose that the value of the destroyed building were only 15 or 20 per cent of the value of all relator's buildings, but that the loss of 50 per cent of the sleeping quarters of the camp would make continuance of the camp financially impossible. Suppose that one property is used for an institution or industry housed in several buildings no one of which is worth as much as half the total but each of which is essential to the operation of the whole. In situations of the type suggested the application of the 50 per cent rule to the individual building might well result in a substantial loss of investment out of all proportion to the value of the building destroyed by accident. We therefore conclude that the 50 per cent rule should not be interpreted in accordance with the views of the respondents in a situation such as the one before us."

See also Jetter v. Hofheins, 190 Misc. 99, 70 N.Y.S.2d 808 (1947) Kathkopf, The Law of Zoning and Planning, Chap. 61, Sec. 8.

The adjudication in the trial court was that:

1. " . . . the Plaintiff be and he is hereby allowed to repair the building located at 3601 New Boston Road, Texarkana, Texas, . . . "

2. "Articles 18–104a and 17–107 of the Zoning Ordinance of the City of Texarkana, Texas, be and they are hereby declared unconstitutional as they affect the Plaintiff's rights herein . . . "

3. " . . . the Defendant and the City of Texarkana, Texas issue a building permit for the rebuilding of the building located at 3601 New Boston Road, Texarkana, Texas . . . "

The second paragraph declaring the ordinance unconstitutional as it applied to King is supported by the record. Neither pleadings nor proof supports the first or third.

The judgment is modified to declare Sections 17–107 and 18–104A of the Zoning

Ordinance of the City of Texarkana, Texas unconstitutional as interpreted and applied to King. As modified the judgment is affirmed. In this connection it should be noted that King's occupancy and use of the premises is not without regulation and that on reapplication for a building permit he is amenable to all reasonable laws and regulations of the City. City of Sherman v. Simms, supra and Jetter v. Hofheins, supra.

The appellant's motion for rehearing is overruled; the opinion heretofore filed herein is withdrawn and this substituted for it.