PETERSON v. NASH BROS.

(Circuit Court of Appeals, Eighth Circuit. November 4, 1901.)

No. 1,541.

1. BANKRUPTCY—TIME FOR TAKING APPEAL—DATE OF JUDGMENT.

A judgment of a court of bankruptcy allowing or rejecting a claim is presumptively rendered on the date of its filing with the clerk, and the 10 days for taking an appeal under Bankr. Act 1898, § 25a, begin to run from that time, notwithstanding the order bears an earlier date.[1]

2. SAME—SURRENDER OF PREFERENCES—NEW CREDITS.

Bankr. Act 1898, § 60c, which provides that "if a creditor has been preferred, and afterward in good faith gives the debtor further credit without security of any kind for property which becomes a part of the debtor's estate, the amount of such new credit remaining unpaid at the time of the adjudication in bankruptcy may be set off against the amount which would otherwise be recoverable from him," entitles a creditor who comes within its provisions to set off the amount of such new credits against the amount he would otherwise be required by section 57g to surrender before proving his claim, and is not limited in its application to cases where the trustee sues to recover the preferences.

3. SAME—PREFERENCES—PARTIAL PAYMENTS AND NEW CREDITS.

Query, whether a creditor who sells merchandise to his debtor on credit, and who, while the latter is insolvent, and within four months prior to his bankruptcy from time to time receives payments on account in the usual course of business, and without knowledge of the insolvency, but during the same time in good faith makes further sales on credit, the effect of all the transactions being to increase the indebtedness to him, and to correspondingly increase the debtor's estate, can be considered as having received a preference within the meaning of Bankr. Act 1898, § 60a, or whether the transactions should be considered as an entirety, and as creating an indebtedness in favor of the creditor for the difference between the new credits and the payments.

---

[1] Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

·Appeal from the District Court of the United States for the District of Minnesota.

Lees M. Thompson on August 11, 1899, filed her voluntary petition in the district court of the United States for the district of Minnesota to be adjudicated a bankrupt, and was on that day duly adjudicated as such. Subsequently, in due course of procedure, Nash Bros., a corporation, the appellee herein, presented its claim in the sum of $3,058.29 for allowance against the bankrupt's estate. Objections were made by the trustee to its allowance on the ground that Nash Bros. had received from time to time within the four months next preceding the filing of the petition, and while the debtor was insolvent, certain payments on account, amounting to $2,701.10, and had not surrendered or offered to surrender the same to the trustee. The claimant, to counteract the effect of the foregoing facts, which it conceded to be true, made a showing before the referee that during these four months, at divers times after the receipt by it of partial payments on account, it, in good faith, and in the ordinary course of business, without any knowledge of the insolvency of the debtor, sold and delivered to her goods, wares, and merchandise amounting in the aggregate to $4,313.20, all of which went into her stock of goods, and enhanced its value accordingly. This last-mentioned amount is $1,612.10 in excess of the aggregate amount of claimant's receipts on account from the debtor during the same period. On this state of facts the referee overruled the trustee's objection, and made an order allowing the claim of Nash Bros., so offsetting the new credits against the preferential payments as to nullify the latter. The trustee duly filed his petition for a review of the action of the referee, and the same, with a summary of the evidence relating thereto, was certified to the district judge. The action of the referee was approved by him, and the claim of Nash Bros. established and allowed in the full sum of $3,058.29. From the order so allowing the same, the trustee duly prosecuted his appeal to this court.

E. J. Grover and F. C. Massee, for appellant.

Guy C. H. Corliss (J. M. Cochrane and C. J. Murphy, on the brief), for appellee.

Before SANBORN and THAYER, Circuit Judges, and ADAMS, District Judge.

ADAMS, District Judge, after stating the case as above, delivered the opinion of the court.

A motion to dismiss this appeal on the ground that it was not taken within 10 days after the judgment was rendered by the court below is urged by the appellee, and must first be disposed of. The record shows that the order allowing the claim of Nash Bros. is signed by the district judge under date November 24, 1900; that it was filed with the clerk of the court November 26, 1900; that the appeal was taken within 10 days after November 26, but not within 10 days after November 24. Section 25 of the bankruptcy act requires an appeal from a judgment allowing or rejecting a claim of $500 or ·over to be taken "within ten days after the judgment appealed from has been rendered." The record fails to disclose where the order so signed by the judge was between the 24th and 26th of November. Presumably, it was in his possession, unannounced and unpublished, and still subject to his consideration and determination. In the absence of a showing to the contrary, it must be held that the first announcement of the judgment was when the order was handed to the clerk, and by him filed, and this would be the date of its rendition,

within the meaning of section 25, supra. The motion to dismiss this appeal must accordingly be denied.

This conclusion necessitates a consideration of the case on its merits. Section 57g of the bankruptcy act approved July 1, 1898, provides that a creditor who may have received a preference cannot secure an allowance, of his claim against the estate of a bankrupt without first surrendering the preference. Section 60 enacts that such a transfer by an insolvent of any of his property as will have the effect of enabling any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class shall be deemed a preference. The payment by an insolvent debtor of money due to a creditor is universally held to be a transfer of property, within the meaning of section 60, supra. Section 60c enacts as follows:

"If a creditor has been preferred and afterwards, in good faith, gives the debtor further credit without security of any kind, for property which becomes a part of the debtor's estate, the amount of such new credit remaining unpaid, at the time of the adjudication in bankruptcy, may be set off against the amount which would otherwise be recoverable from him."

It is conceded in argument that the facts disclosed in this record bring Nash Bros.' claim fairly within the comprehension of section 60c, provided the word "recoverable," there employed, is not limited to a claim recoverable by the trustee as provided in the immediately preceding subdivision "b" of section 60. That subdivision authorizes the trustee to recover from a person who may have received a payment within four months before the filing of the petition the amount of such payment, provided the person receiving the same had reasonable cause to believe that it was the intention of the bankrupt in making such payment to thereby give him a preference. The contention of the appellant is that section 60c authorizes the offsetting of credits given to an insolvent debtor during the four months preceding the filing of his petition from the amount which might be recovered from the creditor if he had knowingly received a preference as contemplated by subdivision "b," and compelled the trustee to resort to a suit for its recovery, and does not authorize the offsetting of such credits when the creditor concedes the receipt of preferential payments, and recognizes his obligation to surrender the same as contemplated by section 57, subd. "g." This interpretation seems to us to place a premium on acts of obstruction, and to punish him who voluntarily aids and assists in the proper and legal administration of the bankrupt's estate, and ought not to be adopted unless imperatively required by the language of the act. It is argued that because the word "recoverable" in subdivision "c" is used in immediate connection with the scheme for recovering from an intentional wrongdoer found in subdivision "b," that it must be limited to that kind of a recovery, and that it affords no authority for offsetting credits, except in cases where such a recovery is had. This, in our opinion, is a narrow and unwarrantable view to take of the legislation of congress. The circuit court of appeals for the Seventh circuit had occasion to consider the same question in McKey v. Lee, 45 C. C. A. 127, 105 Fed. 923. It is there well said:

"There is nothing in the employment of the word 'recoverable' that forces such an interpretation. The primary definition of the word is to 'regain,' to 'get back again.' Cent. Dict. Anything is 'recoverable' when it is susceptible of being 'regained,' 'gotten back.' The law provides alternatively for the regaining of the preferential payments by the trustee, first, by visiting the creditor with the danger of a penalty,—the disallowance of any portion of his claim; and, secondly, in case of the knowing creditor, the right upon the part of the trustee to bring a suit. In either case the payments are gotten back, there is a recovery, and in both, whether under stress of the penalty or by virtue of a suit, it is the law that makes them recoverable. Such interpretation compasses the reasonable purpose of the provision. It leaves the estate unimpaired, for the property of the creditor coming into the debtor's estate is presumably the equivalent of the money value at which it was purchased. It, in substance, simply cancels the effect of the preference to the extent only that such preference no longer harms the interests of the other creditors."

We entirely agree with this exposition of the meaning of the word in question. This interpretation is also in full harmony with the fundamental principle of the bankruptcy act, to secure substantial equality among creditors. Nash Bros., by delivering merchandise to the debtor within four months next preceding the institution of proceedings in bankruptcy by her, and extending credit to her therefor, and doing this in the ordinary course of business without knowledge of insolvency, in good faith enhanced the value of the debtor's estate, and while so doing in like good faith received payments on general account for an amount less in the aggregate than the value of the merchandise delivered to her. The giving and receiving, under such circumstances, may properly enough be regarded as one transaction, resulting not in a preferential payment to the creditor, but, in reality, in the creation of an indebtedness in favor of the creditor for the difference between the two.

Section 60, subd. "a," is as follows:

"A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

This provision, it seems, does not make the transfer of property (which includes the payment of money) by an insolvent debtor, in and of itself, a preference. It must be so done that the effect of the transfer will be to enable one creditor to obtain a greater percentage of his debt than any other creditor of the same class. To make this provision of the act effectual in cases like that under consideration, as well as to administer the whole act broadly and comprehensively, to the end that it shall result in substantial and not technical equality among creditors, it should, in our opinion, be held that the provision for offsetting credits, given in good faith, found in subdivision "c," is applicable as well where the creditor may voluntarily surrender his preference as to a case where he is forced to do so as the result of a suit instituted by the trustee for that purpose.

The action of the trial court in allowing appellee's claim in full is in harmony with the foregoing views, and its judgment is accordingly affirmed.