## McLANAHAN & ALFORD v. BLACKWELL, trustee.

CANDLER, J. 1. The proper officer to certify to the genuineness of a court paper is the legal custodian of such paper. 1 Gr. Ev. (15th ed.) § 485. In a proceeding in bankruptcy the custody of all papers after reference is in the referee, and under section 21 *d* of the national bankruptcy act of 1898, as amended by the act of Congress approved February 5, 1903 (Frank's Annotated Bankrupt Law, p. 77), such papers may be certified either by the referee or the clerk. It was accordingly not error to admit in evidence, in the trial of a suit brought by a trustee in bankruptcy to set aside as fraudulent a sale made by the bankrupt, certified copies of papers in the bankruptcy proceedings, over the objection that they were certified by the referee and not by the clerk of the bankrupt court.

2. An established copy of a lost original paper has all the force of the original. Civil Code, § 3611. Consequently a copy of a court paper, certified by the proper officer to be "a true, full, and complete copy of original copy as established, now on file in my office," is admissible in evidence to the same extent as would be a certified copy of the original paper.

3. The right of a trustee in bankruptcy to bring suit in behalf of the bankrupt estate is incident to the office, and no written authority to bring suit need be shown by him. Chism v. Citizens' Bank, 77 Miss. 599 ; Traders Ins. Co. v. Mann, 118 Ga. 381.

4. There was no material error in admitting any of the evidence objected to, or in giving any of the charges to which exception was taken. The evidence warranted the verdict, which has the approval of the court below ; and this court will not interfere with the judgment overruling the motion for a new trial.            *Judgment affirmed. All the Justices concur.*

Argued October 30, — Decided November 17, 1903.

Complaint.    Before Judge Holden.    Elbert superior court. May 5, 1903.

*C. P. Harris*, for plaintiffs in error.    *Z. B. Rogers*, contra.