JOHN S. BRITTAIN DRY-GOODS COMPANY. V. JOHN
BERTENSHAW, *Trustee.*

No. 13,544.    (75 Pac. 1027.)

SYLLABUS BY THE COURT.

BANKRUPTCY— *Preference of Creditor.*  In an action by a trustee
in bankruptcy to recover back from a creditor a partial payment
of a claim made by a debtor within four months preceding the
time the latter was adjudged a bankrupt, the jury found that the
payment did not enable the creditor to obtain a greater percent-
age. of its ·debt than the bankrupt was able to pay to his other
creditors. · *Held*, that there was no illegal preference, within the
meaning of the bankrupt law.

Error from Montgomery district court; THOMAS J.
FLANNELLY, judge.  Opinion filed March 12, 1904.
Reversed.

*J. B. Ziegler*, for plaintiffs in error.

*F. J. Fritch*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : About March 6, 1899, Ridgeway & Co.,
who were conducting a general store, sold their stock
of merchandise to one Meeker for $3000.  The firm
owed about $3900 at the time to general creditors, and,
among others, was indebted to plaintiffs in error in the
sum of $900.  In a few days after the sale Ridgeway
& Co. paid John S. Brittain Dry-goods Co. $366.50 on
their claim.  On June 10, 1899, Ridgeway & Co. were
declared bankrupts.

This was an action by Bertenshaw, the trustee in
the bankruptcy proceeding, to recover back the pay-
ment made to plaintiffs in error, on the ground that it
was a preference.  In answer to particular questions
of fact, the jury found that, after Meeker paid Ridge-

way & Co. for the stock of goods, the latter firm did not have money and property enough to pay all of their indebtedness in full. They also found that the payment made by Ridgeway & Co. to plaintiffs in error did not enable the latter to obtain a greater percentage of their debt than Ridgeway & Co. were able to pay to their other creditors. The trustee recovered a judgment in the court below, of which plaintiffs in error complain.

Subdivisions *a* and *b* of section 60 of the bankruptcy act of 1898 (30 U. S. Stat. at L. 562, Comp. Stat. 1901, 3445), read:

"(*a*) A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class.

"(*b*) If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

A person is deemed to be insolvent, within the meaning of the bankruptcy act, when the aggregate of his present property "shall not, at a fair valuation, be sufficient in amount to pay his debts." A payment of money has been held to be included within the words "transfer of property," used in section 60*a*. (*Pirie v. Chicago Title and Trust Company*, 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171.)

The question here involved, is whether a part payment to the Brittain Dry-goods Co. of their claim was a preference, when by the receipt of the amount they did not get a larger percentage of their debt than the debtors were able to pay to their other creditors. The language of the bankruptcy act defining a preference answers the question in the negative. The theory of the national bankrupt law is to secure a distribution of the debtor's property among the creditors ratably and in proportion to their respective claims. If the insolvent debtor himself should make such distribution of his assets, the creditors receiving their equitable shares ought not to be required to restore to the trustee in bankruptcy what they have received in order that it may be repaid to them again, less the cost of administering the trust. The end and aim of the bankrupt law is to secure payment to creditors of an equal percentage of their claims. If the insolvent person does this, we can see no reason why his creditors should contribute to pay the expenses of bankruptcy proceedings to accomplish the same result. If plaintiffs in error had received all of their claim, the payment manifestly would have been a preference, for it was clearly shown that the debtors' assets were insufficient to satisfy all they owed. (*Johnson v. Wald*, 93 Fed. 640, 35 C. C. A. 522.) There was a finding that the payment to defendant below prevented the remaining creditors from securing payment of their claims against Ridgeway & Co., but, in the light of other answers of the jury, this means that the payment had the effect to prevent a payment in full to other creditors. In the case of *Pepperdine v. Bank*, 84 Mo. App. 234, 242, cited and relied upon by counsel for defendant in error, the principle was recognized that if the debtor making the

payment had paid or made provision to pay other creditors a proportionable amount, the transaction was not a preference.

It is essential to a recovery in cases of this kind that the effect of the payment was to enable one creditor to obtain a greater percentage of his debt than other creditors of the same class. (*Re Hapgood*, 2 Lowell, 200, 11 Fed. Cas. No. 6,044; *Peterson v. Nash Bros.*, 112 Fed. 311, 314, 50 C. C. A. 260, 55 L. R. A. 344; Collier on Bankruptcy, 3d ed., 342; Luby on Bankruptcy, 109, and note.) The jury found that the payment to plaintiffs in error of a part of their demand did not have such effect. There is no question of the burden of proof involved, as was the case in *Baden v. Bertenshaw*, ante, page 32, 74 Pac. 639.

The judgment of the court below will be reversed, and if defendants below move for judgment in their favor, the application should be granted.

All the Justices concurring.