# Breckons *v.* Snyder, Appellant.

*Bankruptcy—Suit by trustee—Evidence.*

In an action by the trustee of a bankrupt to recover money alleged to have been paid by the bankrupt, prior to the bankruptcy of the defendant, in satisfaction of a debt, where the question at issue is not whether there was a preferential transfer within the time prohibited by law, but whether a debt had existed and had been paid, it is not necessary for the plaintiff to show that there were unsatisfied creditors at the time of the transfer, at the time suit was brought, and at the time of the trial.

*Bankruptcy—Jurisdiction—Common pleas.*

The court of common pleas has jurisdiction to entertain a suit by a trustee in bankruptcy against a person holding and claiming as his own money alleged to have been paid to him by the bankrupt in fraud of creditors.

*Bankruptcy—Suit by trustee—Trustee's bond—Extension of time for filing bond—Presumption.*

In an action by a trustee in bankruptcy to recover property of the bank-

rupt, the defendant cannot object to the qualification of the trustee because the record did not show that the trustee had obtained an extension of time for the filing of his bond two days after the expiration of the ten days provided by the act of Congress. In such a case the presumption is in favor of the regularity of all proceedings before the referee, and that the trustee complied with all the requirements of the law, and was qualified to act.

*Bankruptcy—Suit by trustee—Evidence.*

In an action by a trustee in bankruptcy against a person who is alleged to have money of the bankrupt in his hands, the notes of the testimony of the bankrupt taken at a preliminary proceeding before the referee to ascertain the bankrupt's assets and liabilities, are inadmissible in evidence. The issue is not between the same parties, nor does it involve the same subject-matter.

Argued Feb. 13, 1905. Appeal, No. 163, Jan. T., 1904, by defendant, from judgment of C. P. Schuylkill Co., July T., 1902, No. 235, on verdict for plaintiff in case of Charles E. Breckons, Trustee of William D. Chimelewsky v. William Snyder. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and ELKIN, JJ. Affirmed.

Assumpsit by a trustee in bankruptcy to recover moneys of bankrupt.

At the trial defendant presented the following points:

1. That under the constitution of the United States, the judicial power of the federal courts extends to all cases in law and equity arising under the constitution and the laws of the United States, etc., and that the plaintiff's alleged cause of action in this case arising under the provisions of the act of congress passed in 1898, known as the national bankruptcy acts, this case is one arising under the laws of the United States, and consequently within the jurisdiction of the federal courts, and such jurisdiction is necessarily exclusive, and the state courts have no jurisdiction over cases of this character, and the provisions in the act of 1898 purporting to confer jurisdiction in such cases on the state courts is unconstitutional and inoperative. Therefore this court has no jurisdiction in the premises, and the cause must be dismissed for want of jurisdiction. *Answer:* Refused. [1]

2. That as shown in the plaintiff's statement of his claim and cause of action, as filed in this cause, the said plaintiff was

elected trustee in bankruptcy of the estate of said Chimelewsky on June 2, 1902. Under section 50 of said act of congress it was the duty of said trustee, before entering upon the performance of his official duties, and within ten days after his official appointment, or within such further time, not to exceed five days, as the court may permit, qualify by entering into bond to the United States, with such sureties as shall be approved by the court, conditioned for the faithful performance of his duties. As the record shows, the bond so required to be executed by the trustee within ten days after his election was not executed by him, nor approved, even by the referee in bankruptcy, within ten days after his appointment, nor was there any order of court extending the time, as provided for in said clause, and therefore the trustee failed to qualify as required by the act of congress, and under clause K, of section 50, he shall be deemed to have declined his appointment, and such failure shall create a vacancy in his office.

Therefore, the plaintiff was not the legally constituted trustee of said estate on June 21, 1902, when he brought the present action, and such action was, therefore, unauthorized and cannot be sustained by the plaintiff, and hence the verdict of the jury must be for the defendant. *Answer :* Refused. [2]

3. The approval of such bond by the referee on June 14, 1902, was without authority, the time for the presentation and approval of such bond having passed, and, further, also because the approval by the referee is not such approval by the court, as is required by the act of congress, and, therefore, plaintiff cannot sustain this action. *Answer :* Refused. [3]

4. Clause H of section 50 of the act of congress of 1898 requires the bond of the trustee to be filed of record in the office of the clerk of the court, and it is incumbent upon the trustee to file his bond as thus required before entering upon the duties of his office, and before he can institute any suit or action in behalf of the estate against anybody. As the record shows the bond of the plaintiff was not filed in the office of the clerk of the court until September 23, 1903, being over fifteen months after the present suit was brought by this plaintiff, the plaintiff was not legally qualified and authorized on June 21, 1902, when he brought this action, to institute any suit or action in behalf of said estate, and cannot recover in the present action,

and the verdict of the jury must be for the defendant. *Answer:* Refused. [4]

5. That it is incumbent upon the plaintiff in such case as the present to aver the insolvency of the bankrupt at the time of the transaction in question, February 17, 1902, and also that at that time there were other creditors of the alleged bankrupt for whose use and benefit the present action is being prosecuted, and the plaintiff having failed to do so at the trial of this cause, he cannot recover and the verdict of the jury must be for the defendant. *Answer:* The certificate of adjudication of bankruptcy, made by a court of competent jurisdiction, discloses that William Chimelewsky was adjudged a bankrupt on April 29, 1902, upon the petition of Rothschild & Baum, Schwartz, Strouse & Company and L. Strouse & Company, from which it is evident that such petitioners were creditors of William Chimelewsky at the time of the referred to adjudication; and we do not think that the trustee is called upon to show that these creditors were paid before proceding with this case. We, therefore, refuse this request. [5]

6. That the first count in plaintiff's statement charges that Chimelewsky, with intent to cheat and defraud his creditors, gave to the defendant the sum of $5,000 without consideration, and the defendant accepted the same for the purpose of cheating and defrauding the creditors of said Chimelewsky, for there is no evidence in this case that the said Chimelewsky had any other creditors at the time in question, or that anybody was injured or prejudiced by the transactions here complained of, and, therefore, the plaintiff has failed to make out his case, and the verdict of the jury must be for the defendant. *Answer:* The sixth request is refused and, therefore, not read. [6]

9. That under all the evidence in this case, the plaintiff has failed to sustain his claim as to the first count in the statement or declaration filed by him in this case, and as to this count the verdict of the jury must be for the defendant. *Answer:* The ninth and fourteenth requests are refused and, therefore, not read. [7]

14. That the said Chimelewsky himself could not recover at law from this defendant the money paid him, even if such payment had been made for an improper purpose, and the rights

of the present plaintiff are no greater than those of Chimelew-sky himself would be, unless it be shown that Chimelewsky had creditors who were injured or prejudiced by the alleged improper conduct of the parties, and that he is prosecuting this case in behalf of such injured persons, and there being no such evidence in this case, the plaintiff cannot recover. *Answer :* The ninth and fourteenth requests are refused and, therefore, not read. [9]

Verdict and judgment for plaintiff for $5,579.53. Defendant appealed.

*Errors assigned* were (1–9) above instructions, quoting them ; (13, 14, 15, 16) refusal to admit notes of the testimony of the bankrupt taken at a preliminary proceeding before the referee.

*A. W. Schalck,* with him *W. J. Whitehouse* and *W. D. Seltzer,* for appellant.—The court had no jurisdiction : Martin v. Hunter, 14 U. S. 304 ; Houston v. Moore, 18 U. S. 1 ; Robertson v. Baldwin, 165 U. S. 275 (17 Sup. Ct. Repr. 326) ; Osborn v. United States Bank, 22 U. S. 738 ; Cohens v. Virginia, 19 U. S. 264 ; Rump v. Com., 30 Pa. 475 ; Com. ex rel. v. Ketner, 92 Pa. 372 ; Allen v. Carter, 119 Pa. 192.

The trustee had no authority to bring suit before filing his bond with the clerk of the court.

In a suit to set aside a preference or a conveyance, the burden of proof is on the trustee to establish that the preference or transfer is fraudulent under the bankruptcy act : Mueller v. Bruss, 112 Wis. 406 (88 N. W. Repr. 229) ; Benedict v. Deshel, 11 Am. Bank Rep. 20 ; Gamble v. Elkin, 205 Pa. 226 ; Keith v. Gettysburg Nat. Bank, 23 Pa. Superior Ct. 14 ; In re Chappell, 7 Am. Bank. Rep. 608 ; Levor v. Seiter, 8 Am. Bank. Rep. 459 ; Sherman v. Luckhardt, 9 Am. Bank. Rep. 307.

The declarations of a bankrupt made before the referee in bankruptcy are admissible as evidence against his assignee in bankruptcy : Smallcombe v. Bruges, 13 Price, 136 ; In re Clark, 9 Blatchf (U. S.) 379 ; Compton v. Fleming, 8 Blackf. (Ind.) 153 ; Goodrich v. Wilson, 119 Mass. 429 ; Von Sachs v. Kretz, 72 N. Y. 548 ; Barber v. Terrell, 54 Ga. 146 ; Weinrich v. Porter, 47 Mo. 293 ; Adams v. Davidson, 10 N. Y. 309 ; Bullis v. Montgomery, 3 Lans. (N. Y.) 255 ; Vidvard v. Powers, 34

Hun (N. Y), 221; Truax v. Slater, 86 N. Y. 630; Jones v. East Society of M. E. Church, 21 Barb. (N. Y.) 161; Klein v. The Franklin Ins. Co., 13 Pa. 247.

*Edmund D. Smith,* with him *Charles E. Breckons* and *M. M. Burke,* for appellee.—The common pleas had jurisdiction : Bardes v. First Nat. Bank of Hawarden, 178 U. S. 524 (20 Sup. Ct. Repr. 1000).

Referees are judicial or quasi judicial officers, and the presumption of law is in favor of the regularity of all their acts.

It was not necessary for the plaintiff to show the existence of unsatisfied creditors at the time of the transfer, at the time of suit brought, and at the time of trial: Pirie v. Chicago Title & Trust Co., 182 U. S. 438 (21 Sup. Ct. Repr. 906); Carr v. Hilton, 5 Fed. Cases, 134.

The testimony of Chimelewsky was properly rejected : Eyster v. Gaff, 91 U. S. 521.

OPINION BY MR. JUSTICE FELL, March 6, 1905 :

A petition in bankruptcy was filed by the creditors of W. D. Chimelewsky on March 14, 1902, and was so proceeded with that he was adjudged a bankrupt on April 29, 1902. This action was brought by the trustee of his estate to recover of the defendant $5,000 transferred to him by the bankrupt on February 17, 1902. The declaration contained two counts. In the first it was alleged that the money had been given to the defendant without any consideration and with the intent to defraud the bankrupt's creditors and for this purpose it was received and retained by the defendant ; in the second it was alleged that the money was paid after insolvency and within four months of the filing of the petition in bankruptcy for the purpose of giving the defendant a preference over other creditors. The second count was withdrawn at the trial, and the case went to the jury on the issue raised by the first, the plaintiff's contention being that the money had been placed by the bankrupt in the defendant's hands for concealment, and the defendant's that he had received it in discharge of a debt due him by the bankrupt. These contentions were submitted to the jury with instruction that if the transaction was the payment of a debt due the defendant, their verdict should be for

him ; that if they disbelieved his testimony and found that the bankrupt did not owe him the money, their verdict should be for the plaintiff.

In support of a number of assignments of error which raise the question in different forms it is argued that it was incumbent on the plaintiff to show that there were unsatisfied cred-·itors at the time of the transfer, at the time the suit was brought, and at the time of the trial, for the reason that if there were no creditors when the transfer was made, there was no one to be defrauded by it, and if there were none afterwards there was no one in whose interest the trustee could maintain the action. The first ground of objection would not be without merit if a recovery had been sought because of a preferential transfer within the time prohibited by law. But the second count was withdrawn and the only issue at the trial was whether a debt had existed and had been paid. No other right to retain the money was set up. If it had not been given to the defendant in discharge of a debt, it was the bankrupt's money in the defendant's hands, which the trustee could recover for creditors. The adjudication was evidence of the bankrupt's insolvency at its date, and it was not necessary to prove insolvency at the trial.

The remaining assignments do not require discussion. The court had jurisdiction because it was the court that would have had jurisdiction if bankruptcy had not intervened : Bardes v. First National Bank of Hawarden, 178 U. S. 524. * Although it does not appear of record that the trustee obtained an extension of time for the filing of a bond, the presumption is in favor of the regularity of all proceedings before the referee, and that the trustee complied with all the requirements of the law and was qualified to act. The notes of the testimony of the bankrupt taken at a preliminary proceeding before the referee to ascertain his assets and liabilities were properly rejected. The issue was not between the same parties nor did it involve the same subject-matter.

The judgment is affirmed.

---

* Also reported 20 Sup. Ct. Repr. 1000, Reporter.