10274. CHALMAN *v.* DODD, trustee.

LUKE, J. 1. It is not necessary for a trustee in bankruptcy to obtain an order of court authorizing him to institute suit for the collection of the debts due the estate before he may sue for the collection of such debts. See *Traders Ins. Co.* v. *Mann*, 118 *Ga.* 381 (5) (45 S. E. 426). Nor does it appear from the allegations of this petition that it was necessary that any other stock subscriber of the bankrupt corporation should be joined as party defendant in the suit by the trustee. *Spratling* v. *Westbrook*, 140 *Ga.* 625 (1), 627 (79 S. E. 536); *Chappell* v. *Lowe*, 145 *Ga.* 717 (89 S. E. 777).

2. The suit was not subject to general demurrer. The judge of the superior court did not err in sustaining the certiorari.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*
DECIDED APRIL 19, 1919.

Certiorari; from Fulton superior court—Judge Ellis. October 30, 1918.

Harry Dodd, trustee in bankruptcy for Randolph Rose Company, a corporation, sued Chalman in the municipal court of Atlanta, alleging that as such trustee he administered the business and affairs of the bankrupt corporation by disposing of all its tangible assets at public sale; that as a result of such administration he obtained no money with which to pay general creditors, the proceeds having been used to pay priority claims, costs of administration, and other expenses; that the amount due unsecured creditors is more than $15,000, and he has no funds with which to pay such creditors a dividend, and it will be necessary to collect the stock subscription of the defendant (exhibited), upon which the defendant is indebted to the plaintiff as trustee in the sum of $90 and interest, and that payment of this sum has been demanded and refused; wherefore the plaintiff prays process and judgment. The defendant demurred, on the ground that the petition sets forth no cause of action. The demurrer was sustained and the petition dismissed. Certiorari was sued out, the certiorari was sustained, and the defendant excepted. In the brief of his counsel it is contended that the demurrer should have been sustained because it does not appear that there was an order of court authorizing the trustee to bring the suit; because the suit should have been brought in a court of equity, where all stock subscribers could have been made parties; because it does not appear that a call was made for the stock subscriptions; and because it does not appear that the application and subscription for stock was made or addressed to the Randolph Rose Company, or accepted

by it. The paper referred to is headed "Installment application blank," is addressed "Gentlemen," and contains a subscription for stock of Randolph Rose Company, signed with the defendant's name, followed by the statement that all remittances are to be payable to Randolph Rose Company, and that "the right is reserved by the company to reject any undesirable subscriptions." Cited for plaintiff in error: 122 *Ga.* 558; 93 *Ga.* 626; 56 *Ga.* 231; 2 *Ga. App.* 291. Contra: 118 *Ga.* 381 (5); 119 *Ga.* 65 (3); 145 *Ga.* 717.

*Lowndes Calhoun,* for plaintiff in error.

*C. H. Calhoun, W. S. Dillon, C. M. Lancaster,* contra.