### CLIFTON MERCANTILE CO. v. CONWAY.
(No. 73.)

(Court of Civil Appeals of Texas. Waco. May 29, 1924. Rehearing Denied July 7, 1924.)

1. **Appeal and error ⬅644(2)—Failure to move to strike statement of facts or object to consideration thereof before submission waiver of complaint that original statement was not sent up.**

Appellee's failure to move to strike statement of facts from transcript, or interpose objection to consideration thereof, before submission of case, is waiver of complaint that original statement was not sent up, under Court of Civil Appeals rule 8.

2. **Bankruptcy ⬅303(1)—Burden on trustee suing for payments by bankrupt to prove essential elements of voidable preference.**

Burden is on trustee, suing to recover payments by bankrupt, to overcome presumption that payments on valid account owed by bankrupt are legal by proof of insolvency at time of payments, existence of other creditors of same class who would receive lesser percentage of their debts, and reasonable cause for defendant to believe that such payments would result in preference, under Bankruptcy Act, § 60 (U. S. Comp. St. § 9644).

3. **Bankruptcy ⬅303(2)—Value of exempt property considered in determining insolvency in suit to recover preferences.**

Under Bankruptcy Act, § 1, subd. 15 (U. S. Comp. St. § 9585), value of exempt property should be considered in determining issue of insolvency in suit to recover preferences.

4. **Bankruptcy ⬅303(2)—Bankrupt's petition and schedules held inadmissible in trustee's suit to recover preferential payments as ex parte declarations long after transactions involved.**

Bankrupt's petition and schedules, showing amount of debts listed and his valuation of entire property, practically all of which he claimed as exempt, held inadmissible, in trustee's suit to recover preferential payments, to supply deficiency in plaintiff's proof of such matters; being mere ex parte declarations, made long after transactions involved, as to defendant.

5. **Trial ⬅105(1)—Evidence without probative force, if inherently incompetent, though admitted without objection.**

Evidence inherently incompetent is without probative force, though admitted without objection.

6. **Bankruptcy ⬅304—Evidence of insolvency held insufficient for jury.**

In trustee's suit to recover preferential payments by bankrupt, evidence of latter's insolvency held insufficient to authorize submission of issue to jury.

7. **Bankruptcy ⬅166(4)—Whether payments operated as preference and payee had reasonable cause to so believe determined from evidence of bankrupt's financial condition when each was made.**

Whether payments sought to be recovered by trustee in bankruptcy operated as preference, and defendant had reasonable cause to so believe, must be determined from evidence of bankrupt's financial condition when each payment was made, under Bankruptcy Act, § 60b (U. S. Comp. St. § 9644).

8. **Evidence ⬅345(2)—Copies of decrees of adjudication reciting appointment and qualification of trustee in bankruptcy, and certified by referee, admissible in trustee's suit for preferential payments.**

Copies of decrees adjudicating one a bankrupt, reciting appointment and qualification of trustee, and certified by referee, are admissible in evidence under Bankruptcy Act, § 21, subd. d (U. S. Comp. St. § 9605), in trustee's suit to recover preferential payments.

9. **Appeal and error ⬅766—Rule for preparation of briefs should be substantially complied with.**

Court of Civil Appeals rule 31 for preparation of briefs should be substantially complied with.

10. **Appeal and error ⬅843(1)—Matters not arising on retrial not considered.**

Matters which will probably not arise on retrial need not be considered.

Appeal from Bosque County Court; W. A. York, Judge.

Suit by Tom Conway, trustee of the estate of Arne Orbeck, bankrupt, against the Clifton Mercantile Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Geo. P. Robertson, and Geo. L. Robertson, both of Meridian, for appellant.

Garrett & Sheehy, of Waco, and J. P. Word, of Meridian, for appellee.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

GALLAGHER, C. J. Appellee, Tom Conway, trustee of the estate of Arne Orbeck, a bankrupt, brought this suit against the appellant, Clifton Mercantile Company, to recover the aggregate sum of $408.00, which he alleged said bankrupt had paid to appellant on an account owed to it by him under circumstances making the same recoverable as a preference under the provisions of section 60 of the National Bankrupt Act (U. S. Comp. St. § 9644). There was a trial by jury. The case was submitted on a general charge, and a verdict returned in favor of appellee for $408.92. The court rendered judgment in favor of appellee on the verdict. This judgment is before us for review on appeal.

[1] Appellee objects to the consideration by this court of the statement of facts in this case because the original statement of facts was not sent up with the record. What purports to be a complete statement of facts, agreed to by counsel for both appellant and appellee, and approved by the judge of the court in which the case was tried, is copied in the transcript. The transcript was filed in this court on December 17, 1923. No motion to strike the statement of facts from the transcript was filed. Appellee's complaint at the manner in which appellant attempted to bring the facts proved on the trial before this court in this appeal is contained in his brief, which was filed only a few days before the submission of the case, and called to the attention of the court for the first time at such submission, which occurred on April 10, 1924. The failure of appellee to move to strike the statement of facts from the transcript or to interpose any objection whatever to the consideration of such statement prior to submission of the case should be held a waiver of any complaint on the grounds asserted. Rule 8 of the Courts of Civil Appeals; Royal Ins. Co. v. Texas & G. Ry. Co., 102 Tex. 306, 116 S. W. 46; Hall & Tyson v. First Nat. Bank of Covington, 102 Tex. 308, 116 S. W. 47; I. & G. N. R. Co. v. Hood, 55 Tex. Civ. App. 334, 118 S. W. 1119 (writ refused).

[2] Appellant requested the court to instruct the jury peremptorily to return a verdict in its favor. The refusal of such instruction is assigned as error. Appellant contends that the evidence was insufficient to authorize the submission of the case to the jury. Appellee sued in this case to recover payments made on an account owed by the bankrupt to appellant. Such payments were admittedly made within four months immediately preceding the filing of the petition by said Orbeck to be adjudged a bankrupt. The validity of said account was not disputed. The law presumes that payments made on a valid account owed by the bankrupt are legal. The burden was therefore on appellee in this case to over-come such presumption and to establish the essential elements of a voidable preference. He was required in order to recover to prove the insolvency of Orbeck, the bankrupt, at the time such payments were made; the existence at that time of other creditors of the same class as appellant; that the result of such payment would be to give such other creditors a lesser percentage of their debts than appellant received by such payments; and that appellant then had reasonable cause to believe that the receipt of such payments would result in such preference. National Bankrupt Act, § 60; 2 Collier on Bankruptcy (13th Ed.) pp. 1327–1330, and authorities there cited.

[3] Section 1, subd. 15, of said Bankrupt Act (section 9585), provides that a person shall be deemed insolvent within the provisions of said act whenever the aggregate of his property shall not at a fair valuation be sufficient in amount to pay his debts. Such statutory definition does not exclude exempt property, and the value of such property should be considered in determining the issue of insolvency in a suit to recover preferences. Collier on Bankruptcy (13th Ed.) p. 1250; Id. pp. 20, 21.

[4-6] Appellee proved that the bankrupt owned a farm of 195 acres, some live stock, and some farming implements. The value of such property was not testified to by any witness. The bankrupt testified as a witness for appellant. He testified that he was married, and had a family. On cross-examination he testified that he owed at or about the time of the payments sued for nearly $10,000 and that he could not have then paid his debts without selling his farm. There was testimony that the bankrupt resided on said farm. Several of the witnesses testified that in their opinion the bankrupt was insolvent at the time of such payments, but none of them attempted to qualify as to the value of his property or claimed to be acquainted with the amount of his indebtedness. Such testimony from appellee's witnesses was introduced before the bankrupt took the stand and testified to the amount of his indebtedness. Several witnesses testified that the bankrupt owed them money on notes and otherwise, and that they had never received any payment thereon. Apparently to supply deficiencies in the testimony introduced, appellee, over the objection of appellant, introduced in evidence the original petition and schedules filed by the bankrupt in the District Court of the United States at Waco. Such schedules show that the bankrupt listed debts amounting to $9,899, and that he valued his entire property at $8,690, and that he claimed practically all of the same as exempt. Said petition and schedules were not admissible in evidence against appellant to supply any deficiency in appellee's proof on such issue.

The statements of fact made therein were as to appellant the ex parte declarations of the bankrupt made long after the transactions at issue in this case.  7 C. J. pp. 271, 272, § 437; Simpson v Carlton, 1 Allen (Mass.) 109, 79 Am. Dec. 707, 711, 712; Batchelder v. Home Nat. Bank, 218 Mass. 420, 105 N. E. 1052, 1054; Stone v. Stitt, 62 Tex. Civ. App. 492, 132 S. W. 862, 864; 'Breckons v. Snyder, 211 Pa. 176, 60 Atl. 575, 577.  It is true that appellant's objections to the introduction of. said petition and schedules were addressed to the manner of proving their authenticity, rather than their competency as evidence, but evidence inherently incompetent is without probative force, and gains no vitality, because admitted without objection.    Southern Surety Co. v. Nalle (Tex. Com. App.) 242 S. W. 197, 201, and authorities there cited.    Eliminating the recitals in the schedules, we do not think the evidence of insolvency was sufficient to authorize the submission of that issue to the jury.

[7] Upon another trial, the issue of insolvency should be determined from competent evidence, according to the rule announced in the authorities above cited.    Whether the payments sought to be recovered operated as a preference, and whether appellant had reasonable cause to believe they would effect a preference, are issues to be determined from the evidence submitted at such trial concerning the financial condition of the bankrupt at the time each payment was made.    National Bankrupt Act, sec. 60b, 2nd Collier on Bankruptcy, pp. 1288–1295; Hicks v. Moore, (C. C. A.) 261 Fed. 773, 775; Brittain Dry Goods Co. v. Bertenshaw, 68 Kan. 734, 75 Pac. 1027; Slayton v. Drown, 93 Vt. 290, 107 Atl. 307, 311, 312.

[8] The copies of the decrees of the bankrupt court adjudicating Arne Orbeck a bankrupt and reciting the appointment and qualification of appellee as trustee of his estate in bankruptcy, certified by the referee, were properly admitted in evidence.    They were both decrees made by the referee himself, and are made admissible in evidence by the provisions of subdivision (d) of section 21 of said Bankrupt Act (U. S. Comp. St. § 9605).  22 C. J. 843; Duncan v. Watson, 198 Ala. 180, 73 South. 448, 450; McLanahan v. Blackwell, 119 Ga. 64, 45 S. E. 785.

[9] Appellee objected to the consideration of every proposition submitted in appellant's brief on the ground that the rules of court had been violated in the manner in which the same was presented.  We recognize that the amended rules for the preparation of briefs are still comparatively new, and feel that indulgence should be shown when it appears that failure to comply with the provisions of such rules has resulted from oversight or misconstruction of their provisions.

We feel, however, that we should call special attention to rule 31 for the preparation of briefs, which reads as follows:

"After the propositions upon which the appeal is rested the brief shall contain, addressed respectively to the several propositions or points presented, such argument or discussion as is desired, with a reference to the authorities relied on, and a clear and accurate statement of the record bearing upon the respective propositions, with a reference to the pages of the record.    Where the error relates to the charge of the court or special charges given or refused, the part of the charge complained of, or the special charges under discussion, shall be set out in full.    Where the error relates to the admission or rejection of evidence there shall be quoted the full substance of the evidence admitted or rejected.    To avoid unnecessary repetition, it shall be permissible for the brief of the argument to contain the necessary statement from the record, but such statement shall be correlated entire and distinct, and so presented as to enable the court to readily consult it.    If the statement from the record thus made is not distinctly challenged by the opposing party, it may be accepted by the court as correct.    If no argument is presented, the statement from the record shall nevertheless be given."

There should be a substantial compliance with the provisions of this rule in the preparation of every brief.

[10] The other matters complained of in this appeal will probably not arise on another trial.    The judgment of the trial court is reversed and the cause remanded.