## BRENNER v. SAWYER.

### In re BRENNER & BRODY SHOE CO.

Circuit Court of Appeals, First Circuit.
February 20, 1928.

No. 2188.

Bankruptcy ⟨⟩288(8)—Referee held without power to avoid preferences in summary proceedings on petition filed by receivers before adjudication (Bankr. Act, § 2 (3); 11 USCA § 11).

Power to avoid preferences is not vested in the referee in summary proceedings on petition filed before adjudication by receivers appointed under Bankruptcy Act, § 2 (3), being 11 USCA § 11.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

In the matter of the Brenner & Brody Shoe Company, bankrupt; Charles E. Sawyer, trustee. Louis E. Brenner appeals from a decree of the District Court affirming an order of the referee. Reversed and remanded.

Mark M. Horblit, of Boston, Mass. (Jacob Wasserman and Horblit & Wasserman, all of Boston, Mass., on the brief), for appellant.

Alexander G. Gould, of Boston, Mass. (Harry Shapiro, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an appeal from a decree of the District Court, affirming an order of the referee that the appellant turn over to the receivers of the Brenner & Brody Shoe Company $9,242.91. The proceedings were wholly irregular and cannot be sustained.

On May 28, 1927, an involuntary petition was filed against the Shoe Company. On June 10, 1927, two receivers were appointed, by decree not in the record; there is nothing to indicate that the receivers were more than mere custodians (General Order XI) appointed under section 2 (3) of the Bankruptcy Act (11 USCA § 11) as "absolutely necessary for the preservation of the estate." On June 29, 1927, the receivers filed a petition, alleging that Brenner, an officer of the corporation, had "in his possession and under his control about $10,000 belonging to the aforesaid bankrupt," and seeking a summary order for its delivery to the receivers. The referee's jurisdiction was duly challenged on the ground that the petition involved questions of preferential payments, not subject to summary process. After hearing, the referee, on July 18, 1927, ordered $9,242.71 paid over within 10 days.

On petition for review, filed July 26, 1927, the referee on August 20, 1927, filed his certificate, not including the stenographic report of the hearing before him. On October 4, 1927, appellant moved to recommit for a transcript of the testimony. This motion was denied by the District Court on October 10th, and the order to turn over $9,242.71 then affirmed. In this court appellant has filed a verified petition for diminution of the record, containing a summary and transcript of the evidence before the referee, conceded by appellee's counsel to be substantially correct. While the referee's certificate contains enough to show fatal error in his proceedings, we think this petition should be allowed, to the extent of accepting this summary and transcript as part of the record. The proceedings, already unwarrantably delayed, should not be further prolonged by sending the case back to amend the record in accordance with the plain requirements of section 39 (5), Bankruptcy Act (11 USCA § 67), and General Order XXVII. From this supplemented record, it appears that the referee, against the objection of the appellant, admitted in evidence a transcript of an examination of the bankrupt's treasurer and bookkeeper by the receivers under section 21a (11 USCA § 44). This was inadmissible, even if the proceedings had been otherwise lawful. In re Wilcox (C. C. A.) 109 F. 628; Todd v. Bradley, 99 Conn. 207, 122 A. 68; Breckons v. Snyder, 211 Pa. 176, 60 A. 575.

While the record does not show it, we assume from the briefs that adjudication took place on July 7, 1927, and that Sawyer, one of the receivers, was duly elected trustee; he is now defending in this appeal.

The main question is whether this sum of $9,242.71 was held adversely to the bankrupt estate, or under claims merely colorable. Harrison v. Chamberlin, 271 U. S. 191, 193, 194, 46 S. Ct. 467, 70 L. Ed. 897; May v. Henderson, 268 U. S. 111, 115, 45 S. Ct. 456, 69 L. Ed. 870. If there be a real and substantial adverse claim, the merits can be determined only on a plenary suit. The referee's own certificate shows that in the instant case the claims were not merely colorable. He reports that Brenner owned about 50 per cent. of the capital stock of the corporation and was president of it and in charge, generally, of its business; that on May 15, 1927, Brenner took four checks sent by debtors of the company, aggregating $9,242.71, deposited $7,342.71 in a New Hampshire bank in the name of the corporation, and before May 25th paid $2,745 to one Bacon and to his sister-in-law, both alleged creditors of the corporation, keeping the rest himself, because, as he testified, "the corporation owed me that." The referee then states some of the details of the alleged indebtedness to Brenner; but he does not find that either this alleged debt, nor those of Bacon and Brenner's sister-in-law, were not legally outstanding. It follows that his conclusion that this sum of $9,242.71 was "taken without right or authority" simply means that Brenner had no right to prefer himself and two other creditors, and that these (perhaps voidable) preferences can be determined by summary proceedings on a petition by receivers, filed before adjudication, in a case in which a com-

position offer was made, which might have been accepted without any adjudication. Section 12a, Bankruptcy Act (11 USCA § 30). It is too plain for discussion that the power to avoid preferences under section 60 (11 USCA § 96) is not vested in the referee, on summary proceedings, invoked by receivers having, so far as this record shows, only the powers of mere custodians. Even if Brenner's claims be "fraudulent and voidable," they are real and substantial. Harrison v. Chamberlin, 271 U. S. 191, 193, 46 S. Ct. 467, 70 L. Ed. 897. See, also, Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770; Babbitt v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969.

The decree of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the appellant.