## In re WHITE.

District Court, D. Massachusetts. March 27, 1928.

No. 38077.

1. **Bankruptcy ⬩288(7)—Referee, in summary proceedings, had power to determine whether adverse claim to real estate was real and substantial.**

Referee, in summary proceedings relative to requiring bankrupt and brother to turn over certain real estate to trustee, had power, notwithstanding assertion of adverse claim, to determine whether claim was real and substantial, or was colorable only, and to go into merits of case, so far as necessary to determination of such preliminary inquiry.

2. **Bankruptcy ⬩288(6)—Property conveyed by bankrupt immediately before filing petition is not beyond reach of court in summary proceedings, because grantee was creditor.**

The fact that grantee of property conveyed by bankrupt immediately preceding petition of bankruptcy happened to be a creditor of grantor does not put the property beyond reach of court in summary proceedings, if prior to bankruptcy proceeding no adverse interests in property had been claimed.

3. **Bankruptcy ⬩288(8)—Claim of creditor receiving conveyance of property from bankrupt before filing petition constitutes real and substantial claim.**

In case conveyance of real estate by bankrupt immediately before filing petition was done with purpose to prefer a creditor, claim of such creditor would be real and substantial, even though fraudulent and voidable.

4. **Bankruptcy ⬩288(5)—Referee had jurisdiction in summary proceedings to require bankrupt and brother to turn over real estate in bankrupt's possession.**

Where conveyance by bankrupt to his brother of certain real estate immediately before filing petition was wholly without legal effect, so that for purposes of Bankruptcy Act (11 USCA) bankrupt was in possession thereof on date of petition, and was the real owner of property, referee in bankruptcy had jurisdiction in summary proceedings to require bankrupt and brother to turn over such real estate to trustee.

5. **Bankruptcy ⬩288(14)—Finding of referee that claim of bankrupt's brother to real estate property conveyed to him was colorable only held justified.**

Finding of referee, in summary proceedings to require bankrupt and his brother to turn over to trustee certain real estate that brother, to whom property was conveyed, had no real substantial claim thereto, *held* justified, in view of facts showing that transaction was clearly one designed and calculated to prevent administration of real estate for benefit of bankrupt's creditors.

In Bankruptcy. In the matter of the bankruptcy of Norman H. White. On certificate for review of an order of the referee requiring bankrupt and his brother in summary proceedings to turn over a certain parcel of real estate. Order confirmed.

Albert A. Schaefer, of Boston, Mass., for Herbert H. White.

Martin Witte, of Boston, Mass., for trustees in bankruptcy.

BREWSTER, District Judge. The referee has certified for review his order entered in the above-entitled matter, by which he has required, in summary proceedings, the bankrupt and his brother, Herbert H. White, to turn over to the trustee a parcel of real estate, situated in Connecticut. The controlling facts, briefly stated, are that a few days before bankruptcy, and with full knowledge of the impending financial disaster, the bankrupt conveyed the real estate to his brother without any present consideration, good or valuable. The bankrupt caused the deed to be recorded, and the grantee, who was at the time in California, had no knowledge of the transaction until after the petition in bankruptcy had been filed.

The referee further finds that the bankrupt owed his brother a substantial sum of money, and that early in 1926 Herbert H. White had refused to furnish financial assistance to Norman unless he could have security, and that Norman had then suggested that he would convey to him this property in Connecticut as security for such advances as might be made. The money from time to time was advanced, and in part repaid, so that on December 31, 1926, the bankrupt appeared to have been indebted to Herbert to the extent of about $30,000. Thereafter $4,000 more was advanced by his secretary without Herbert's knowledge or authority. In the summer of 1926 Herbert left for Labrador, without receiving or demanding the promised security. The grantee never took possession of the property, frankly stating at the hearing that he had no use for it. The bankrupt continued to live there and manage it as though he were the owner.

The referee further finds that "the agreement between the brothers, made in the spring of 1926, was never carried out. After demanding that Norman fulfill his promise, Herbert appears to have given up. His subsequent conduct would seem to indicate a waiver of the agreement, for in spite of his flat refusal to lend without security, and in spite of Norman's refusal to give the security, Herbert continued to make large advances, aggregating over $100,000, during the balance of the year."

[1] The referee on these facts finds that the claim of Herbert is not real or substantial,

but colorable only. The first and only difficult question presented relates to the jurisdiction of the referee to order a reconveyance in summary proceedings. Notwithstanding the assertion of an adverse claim, the referee had power in the first instance to determine whether the claim was real and substantial, or was colorable only, and to go into the merits of the case so far as necessary to the determination of this preliminary inquiry. Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897; May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870.

If the bankrupt had executed a deed of his real estate to A (a dummy) without consideration, and without A's knowledge had recorded the deed, had continued in possession with all the indicia of ownership, and then immediately afterwards had filed a petition in bankruptcy, it could not seriously be argued that at the time of the filing of his petition in bankruptcy the real estate thus conveyed was not, in legal contemplation, the bankrupt's property, and the power of the court to reach this property in summary proceedings could not be successfully challenged.

[2] These circumstances baldly state the situation as it existed at the time of the filing of bankrupt's petition, except that the grantee in this case happened to be a creditor of the grantor. This fact would not put the property beyond the reach of the court if, prior to the bankruptcy proceedings, no adverse interests in the property had been claimed. In re Wein (D. C.) 13 F.(2d) 426.

[3] The underlying question presented on the referee's certificate plainly is whether the claim that the conveyance was made pursuant to an earlier agreement by the bankrupt to secure his brother for advances made and to be made has any substance in fact or in law, disclosing a "contested matter of right, involving some fair doubt and reasonable room for controversy." Board of Education of Salt Lake v. Leary (C. C. A.) 236 F. 521. The referee's findings of fact relative to this narrow issue are based upon testimony of the adverse claimant and the bankrupt, and would seem to justify the referee's conclusion that the agreement had been abandoned or waived. If what the bankrupt did was done with a purpose to prefer a creditor, the claims of such creditor would be real and substantial, even though fraudulent and voidable. Brenner v. Sawyer, 24 F.(2d) 167 (C. C. A. First Circuit, February 20, 1928). If, on the other hand, the bankrupt was attempting to conceal from the court or from the trustee in bankruptcy a portion of his assets by resorting to this conveyance, and that was the situation at the time of the filing of his petition in bankruptcy, the subsequent attempt to give reality and substance to a claim on the part of the grantee would not avail.

This case, on the facts, is distinguishable from In re Farrow (D. C.) 13 F.(2d) 261, and In re Flynn (C. C. A.) 300 F. 693 (decided in this district), and also from those appearing in Harrison v. Chamberlin, supra. For a more complete statement of facts see Chamberlin v. Harrison (C. C. A.) 298 F. 926.

[4] I have reached the conclusion, therefore, that the referee had jurisdiction, not because there was a conveyance in fraud of creditors, but because the attempted concealment of bankrupt's assets was wholly without legal effect, and that on the date of his petition he was in possession, and for the purposes of the Bankruptcy Act (11 USCA) was the real owner, of the property in question, concerning which no adverse claim then existed.

[5] The referee having jurisdiction, the only remaining question is whether the facts set forth in his certificate justify his finding on the merits. Concerning this question there can be little doubt. The facts show that the transaction was clearly one designed and calculated to prevent the administration of the Connecticut real estate for the benefit of the bankrupt's creditors.

The order of the referee is confirmed.