23732. SOUTHERN RAILWAY COMPANY *v.* COLE, trustee.

DECIDED SEPTEMBER 20, 1934.

*Boykin & Boykin, Maddox, Matthews & Owens,* for plaintiff in error.

*Robert D. Tisinger,* contra.

STEPHENS, J. In the petition as amended of H. R. Cole, as trustee in bankruptcy of Jessie Elton McEwen, against the Southern Railway Company, to recover the sum of $134.14 alleged as due by that company to the bankrupt, it was alleged that the sum sued for was "wages earned" by McEwen from December 1, 1932, to December 23, 1932, inclusive, that McEwen filed a voluntary petition in bankruptcy on December 23, 1932, and on the same day was adjudicated a bankrupt, that after the adjudication of bankruptcy the defendant, without knowledge of the filing of the petition for bankruptcy and of the adjudication of bankruptcy, paid the amount of the debt to McEwen, and has, after the plaintiff's demand on it for payment, refused payment to the plaintiff. A general demurrer to the petition, and also a demurrer upon the ground that no right of action in the plaintiff was shown, because it did not appear that the maintenance of the suit by the plaintiff was authorized by any order of court, were overruled. The defendant excepted.

■ A trustee in bankruptcy may institute a suit in a State court for the collection of a debt due the bankrupt without having first obtained from any court an order or written authority so to do. *Traders Insurance Co.* v. *Mann,* 118 *Ga.* 381 (5) (45 S. E. 426); *McLanahan* v. *Blackwell,* 119 *Ga.* 64 (45 S. E. 785); *Chalman* v. *Dodd,* 23 *Ga. App.* 653 (99 S. E. 150).

■ The title to property of a bankrupt's estate vests in the trustee as of the date of the adjudication. Bankruptcy act of

1898, § 70. An adjudication of bankruptcy is a notorious judicial act of which all persons are bound to take notice. Mueller *v.* Nugent, 184 U. S. 1 (22 Sup. Ct. 269, 46 L. ed. 405) ; Acme Harvester Co. *v.* Beekman Lumber Co., 222 U. S. 300 (32 S. E. 96, 56 L. ed. 208) ; Wickersham *v.* Nicholson, 14 Serg. & R. (Pa.) 118 (16 Am. D. 478) ; Mays *v.* Manufacturer's National Bank, 64 Pa. 74 (3 Am. R. 573) ; Hitchcock *v.* Sedgwick, 2 Vernon (Eng.) 156. Although a debtor to a bankrupt at the time of the commencement of the bankruptcy proceedings may, after the adjudication of bankruptcy and without actual notice or knowledge thereof, have paid the debt to the bankrupt, the trustee can, after the title to the chose in action represented by the debt has become vested in him by reason of the adjudication of bankruptcy, maintain an action against the debtor to recover the amount of the debt. Authorities cited supra, and also Howard *v.* Crompton, 12 Fed. Cas. 639. See also State Bank of Chicago *v.* Cox, 143 Fed. 91 (16 Am. B. R. 32) ; Edison Electric &c. Co. *v.* Tibbetts, 241 Fed. 468 (154 C. C. A. 300, 39 Am. B. R. 640) ; in re Shone, 10 Am. B. R. (N. S.) 648. The following cases are distinguishable in that payment was made to the debtor prior to the adjudication of bankruptcy, or are otherwise distinguishable. In re Zotti, 186 Fed. 84 (Ann. Cas. 1914A, 240) ; Citizens Union Nat. Bank *v.* Johnson, 286 Fed. 527; Ex parte European American Bank, 178 Fed. 304. A chose in action belonging to the bankrupt which consists in a demand for wages earned by him is transferable. Civil Code (1910), § 3453, 3653. Being transferable, title thereto, as provided in section 70 of the bankruptcy act of 1898, becomes vested in the trustee. In re Evans, 253 Fed. 276. The petition set out a cause of action, and the court did not err in overruling the demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*